A promise to forbear in general, is to be understood a total and absolute forbearance.

## HAMAKER *against* EBERLEY.

ASSUMPSIT. The declaration contained three counts; but the verdict being rendered for the plaintiff, upon the second and third only, the first is immaterial.

The *third* count was for money had and received. The *second* stated, that a certain discourse being had by and between the plaintiff and defendant, on the 1st of *February* 1799, of and concerning certain bonds, &c. the plaintiff then and there informed the defendant, that he was apprehensive he should lose a sum of money which he *should have to pay* for a certain *Valentine Hummel* to one *Mordecai Lincoln,* on account of four bonds, dated the 12th of *May* 1795, in which the plaintiff was bound to the said *Lincoln,* as security for the said *Hummel,* who was also bound as principal in the said bonds, and that he the plaintiff *would sue the said* Hummel *on account of the said bonds;* that thereupon the defendant requested the plaintiff not to sue the said *Hummel,* and then and there promised the plaintiff, in consideration that the plaintiff *would refrain* from so suing him, he the defendant

would include the amount of the said bonds in a judgment to be entered for himself against the said *Hummel*, and would save the plaintiff harmless against the said bonds. The plaintiff then averred that he *did refrain* from suing the said *Hummel*, and that the defendant *did include* the amount of the said bonds, in a judgment which *Hummel* confessed to him. That the plaintiff was nevertheless sued by the said *Lincoln* on the said bonds, and was compelled to pay the debt due on them, to the amount of 265*l.* on the 11th of *December* 1801, of which the defendant had notice; but that the defendant had not indemnified him, &c.

The cause was tried at a Circuit Court for *Dauphin*, in *June* 1808, before Mr. Justice *Brackenridge*, who overruled two motions by the defendant, one for a new trial, the other in arrest of judgment; from both which decisions the defendant appealed.

The question upon the former motion was of no importance.

*Fisher* and *Montgomery* for the defendant, argued for the motion in arrest of judgment, upon two grounds: 1. That the promise of the defendant set forth in the second count, was *nudum pactum*, even granting that a sufficient forbearance was stated. 2. That there was neither a definite nor total forbearance stated on the part of the plaintiff, but merely a forbearance for some time, which was no consideration.

1. No consideration is sufficient to support an assumpsit, unless it import some loss to the plaintiff, or some benefit to the defendant; *Greenleaf* v. *Barker* (a), 1 *Pow. on Contr.* 344., 1 *Bac. Abr.* 266., *Com. on Contr.* 430, 431. Forbearance to sue, where a man has a cause of action, is clearly a good consideration; but if he has no cause of action at the time, it is otherwise, because in such a case the promisee sustains no loss, and the promisor has no benefit. *Barber* v. *Fox* (b), *Forth* v. *Stanton* (c). The *second* count states the consideration to be a forbearance by the plaintiff to sue his principal; whereas, by the face of the declaration, he could not sue him. He could have no cause of action, until he paid the

---

(a) *Cro. Eliz.* 194.    (b) 2 *Saund.* 137. *note* 2.    (c) 1 *Saund.* 211. *note* 2.

debt of the principal; *Tom* v. *Goodrich* (*a*); and the declaration states an apprehension that the plaintiff *would have to pay it*, which shews it was not done. *Non constat* that it ever would be done. The consideration was of course bad at the time of the promise, and the promise void; it was an engagement by the defendant without consideration, to pay *Hummel's* debt.

2. When forbearance of suit is the consideration of an assumpsit, it must be total and absolute, or for a particular time certain, or for a reasonable time, and so it must be stated, or it is ill. 1 *Pow. on Contr.* 353. The same principle in *Lutwich* v. *Hussey* (*b*), *Philips* v. *Sackford* (*c*), and 1 *Selwyn's N. P.* 43. The count merely states that the plaintiff would forbear, and the averment is that he did forbear, without shewing for what time; so that forbearance for an hour, would have been a performance on his part, which is no consideration.

*Laird* and *Hopkins* contrà. The promise not to sue is after verdict to be intended a promise not to sue when his cause of action should arise, and so indeed it must be understood from the words of the count. The plaintiff told the defendant he was afraid he *should have to pay* the money, and that he *would sue* the principal; that is, that he would sue him when he should have paid. The forbearance to sue must relate to that time, and is as good a consideration as a promise to forbear, when the cause of action has already accrued. But in addition to this, the count states that it was a part of the agreement, that the defendant should include the amount of the bonds in his judgment, and that he did include them; so that here was a clear loss to the plaintiff, as he never could sue the principal.

2. As to the forbearance, it is alleged generally, which is the same as total forbearance, and so are the precedents. The case of *Mapes* v. *Sir Isaac Sydney* (*d*) is express, that a consideration to forbear, is to be intended a total and absolute forbearance; 1 *Sel. N. P.* 43. and the context of the declara-

(*a*) 2 *Johns.* 214.     (*c*) *Cro. Eliz.* 455.
(*b*) *Cro. Eliz.* 19.     (*d*) *Cro. Jac.* 654.

tion shews it was total, because after the defendant had taken the amount in his judgment, the plaintiff could never sue.

TILGHMAN C. J. after stating the manner in which the promise was laid in the second count, delivered his opinion as follows:.

It is objected on the part of the defendant, that this promise is void, for want of a consideration; that it is a mere gratuitous promise of one man, to answer for the debts of another. The principle on which cases of this kind turn, is very well settled. To make a consideration sufficient in law to support an assumpsit, there must be some *benefit* arising to the defendant, or some injury or loss to the plaintiff. A promise to forbear a suit against a man, against whom the plaintiff has no legal cause of action, is not a sufficient consideration. The declaration in this case is not expressed in terms altogether free from doubt. It is not clearly stated, whether the promise made by the plaintiff, was, to forbear an *immediate* suit, or to forbear to sue when his cause of action *should arise*. At the time of the conversation between the plaintiff and defendant, the plaintiff had no cause of action against *Hummel*, because he had not paid the bonds in which he was bound as his surety. But inasmuch as the plaintiff's expressions were, that he *should have* to pay the money, and that *he would sue Hummel*, I think it would not be going too far, to intend, after a verdict, that the promise was, that the plaintiff would forbear to sue *Hummel after he had paid* the money for him; and this, I have no doubt, would be a good consideration to support the promise of the defendant, to be answerable for *Hummel's* debt; because the forbearance to sue, after the cause of action attached, would be as great an injury to the plaintiff, as the immediate forbearance to sue, on a cause of action existing at the time of the promise. But the case does not rest entirely on this point. It is stated besides, that the defendant did, by consent of the plaintiff, include the amount of the debt for which the plaintiff was security for *Hummel*, in a judgment confessed to him by *Hummel*. Now after this, the plaintiff could never have recourse to *Hummel*. He gave up all legal redress, either present or future, under any circumstances which might arise. This was a manifest injury to

HAMAKER
*v.*
EBERLEY.

himself. Whether the defendant could gain any thing by this arrangement, is altogether immaterial. That was a matter for his own consideration. It was very possible, however, that it might be an advantage to him in his transactions with *Hummel*. But, at all events, it deprived the plaintiff of all power to bring an action for his own indemnification against *Hummel*, even after he paid the bonds to *Lincoln*.

Another objection to the second count was, that it is not stated how long the forbearance was to be; but to this it has been well answered, that a promise to forbear in general, without adding any particular time, is to be understood a total forbearance; and there are many precedents to support an allegation of this kind.

I am therefore of opinion, that on the whole of the second count, there appears a sufficient consideration to support the defendant's assumption, especially after a verdict.

Thus much for the motion in arrest of judgment. The motion for a new trial depends principally on the evidence. Although I may not perfectly agree with every sentiment expressed by the judge of the Circuit Court in his charge to the jury, yet I cannot say that I see such substantial error, as would authorize this court to grant a new trial, for misdirection in point of law. Whether the verdict was or was not against the weight of the evidence, is not easy for us to decide; because the evidence was complicated, contradictory, and to be judged of in no small degree, by the character of the witnesses, of which we know nothing. The judge who tried the cause, says he is well satisfied with the verdict. Under such circumstances, I cannot think myself warranted in granting a new trial, on the ground of the verdict being *against evidence*. Upon the whole of this case, therefore, my opinion is, that the judgment of the Circuit Court be affirmed.

YEATES J. was of the same opinion.

Judgment affirmed.