The opinion of the Court was delivered by
Gibson J.
If the defendant below received injustice, it was at the hands of the jury and not of the Court, whose direction as to the law was unquestionably right. It was not necessary to prove the contract in the very words of the declaration, but only substantially as laid. The variance is alleged to be as to the time when the debt from Lambert was payable. It is said, the plaintiff treated it in his declaration as if it had been due at the time of the promise, while the evidence shewed it was not payable till afterwards. But on recurring to the declaration, we find it stated as a present debt, without a word being said as to the time of its being payable. Then it is said, the declaration should have stated specially, that it was payable in futuro, for want of which, it must be intended, that a debt presently due was meant. I can sec no reason for that. The debt, which was to be the subject of forbearance, was, for every purpose of notice, specially enough set out; and we will not exact minuteness of detail for the mere purpose of increasing the difficulty of strict proof, and enhancing the danger of variance. Here was no variance; for as far as the declaration went it was met by the proof; and what is called variance, is nothing else than exuberance of the evidence as to details unnecessary to be stated. It is argued, however, that it was necessary to shew the debt was payable presently ; because an agreement to forbear to sue for a debt to become due thereafter, is not, it is said, a good consideration for a promise. But the-.reverse was held in Hamaker v. Eberley, 2 Binn. 506, which resembles the present case in every particular. Forbearance to sue, after a cause of action shall have arisen, must necessarily be prejudicial to the party forbearing, and it would therefore be strange if it were not a good consideration. But it is said the agreement of the plaintiff was to forbear fropi *523 suing immediately; or that the defendant at all events made the promise under a belief, that Lambert was then liable, and that the defendant was led into that belief by the declaration of the plaintiff, that he would sue immediately. It is undoubtedly certain, that an agreement to forbear, during a period when a party has no cause of action, will not support a promise. But here again the error, if any, lay with the jury, who were instructed to consider, whether the conversation had reference to an immediate suit, or a suit which the plaintiff should afterwards have a right to institute; and as to the promise being made under a misapprehension of the facts, induced by the declarations of the plaintiff, it is enough that the cause was not put, by the defendant, to the jury in that point of view, nor the opinion of the Court asked with reference to it. In every view, the case is too clear for argument; and the judgment must be affirmed.
Judgment affirmed.