## COLBURN *v.* GROTON.

The question whether a payment of a claim was an admission of liability, or a mere purchase of peace, is a question of fact, the decision of which may be set aside when against the evidence.

CASE, for injuries received by a traveller by reason of an alleged defect in a highway. Verdict for the defendants. The plaintiff proposed to show that Mrs. Estes, who was riding with the plaintiff in a sleigh at the time of the accident, was thrown out and injured, and that the town settled an action for damages brought

by Mrs. Estes by paying her claim. The evidence was excluded, and the plaintiff excepted.

The place of the accident was a curve on the side of a hill. The alleged defect in the road was its sloping form and icy condition, and the want of a railing. The plaintiff proposed to ask a witness whether there was a custom among travellers in carriages of shouting or giving warning at the top of the hill to avoid meeting other travellers at this place, and whether the witness and her husband had given and received such notice when approaching the spot. The evidence was excluded, and the plaintiff excepted.

*S. B. Page*, for the plaintiff.

*Fling & Chase*, for the defendants.

DOE, C. J. In a criminal case, when the defendant's confession is offered as evidence, it is necessary to inquire whether it was made under the influence of hope or of fear, and for the purpose of gaining some benefit or avoiding some harm connected with the criminal charge. If not made for that purpose, it is held to be voluntary, and is evidence. The purpose of the confession is a question of fact. This distinctly appears in *State* v. *Wentworth*, 37 N. H. 196, 218–220, and other cases in which the reported decisions contain a full examination of the evidence bearing on the question. In *State* v. *Howard*, 17 N. H. 171, 181–185, the court say,—" We are by no means satisfied that judges, in their anxiety to preserve all the rights of the accused, have not gone farther in excluding confessions than the principle required them to do. . . . The principle of admission and exclusion is well settled, and founded upon a most satisfactory basis. Confessions obtained by the hope of favor, or by fear of punishment, are inadmissible. It is the hope of escape from temporal punishment which excludes, and the hope must be derived from the inducements. . . . The evidence is rejected because the inducements may have led to a false statement, and the confession is therefore not entitled to credit; and not because the public faith is pledged by means of the promise. . . . It is in the application of this principle that the difficulty lies; that is to say, in determining whether hopes have been held out, or fears excited, in the particular case. In the present instance, the defendant was told that he had better tell the truth. It has been supposed that a party accused might, from such a declaration, understand that it would be better for him to confess himself guilty. . . . But why should any one so understand, if he was in fact innocent? . . . We do not intend to pass upon this question at this time. Our object is to show how slight, to say the most, is the probability that a declaration of this kind excites any hopes that should cast a suspicion upon the truth of the confession which follows it. . . . The hope here—assuming that hope was excited by the declaration of the

magistrate that he had better tell the truth—must have been of the slightest possible character, and the circumstances which intervened between that time and the period when he made the confession which was admitted, can leave no shadow of doubt whether the last confession was made through some lingering belief, arising from the declaration of the magistrate, that if he still continued to confess he might find favor. The evidence is very strong upon this point. . . . We have no hesitation in sustaining the ruling. If anything could have extinguished the faint glimmer of hope which might possibly have existed in the first instance, these circumstances must have been effectual for that purpose. In considering the probable reason for this last confession, we must not lay out of the case the other circumstances which intervened between that and the first." "The probable reason for" a confession cannot be a question of law.

"In the earlier cases there has been much conflict upon this subject, resulting in some degree from failing to recognize the question to be largely one of fact alone, to be determined upon a consideration of all the circumstances of the case. Instead of which some of the cases seem to have given to particular expressions a technical character, and to have excluded the confessions where, upon a consideration of all the circumstances it would not have been found, as matter of fact, that the confessions were made under the influence of hope or fear held out by another. . . . Whether the confession . . . was voluntary or not is purely a question of fact, as much so as the question whether a witness offered to testify was interested or not, or whether a witness was qualified to testify as an expert, or whether the loss of a paper has been shown so as to allow the introduction of secondary evidence of its contents. In this and the like cases the judge who tries the cause must decide, although in some instances he may submit the question of fact to the jury. In either case, whether the decision be by the judge alone, or it be also passed upon by the jury, no exception lies so far as the question is one of fact. If, however, upon the evidence reported by the judge, it clearly appears that there was error in his finding upon the matter of fact, it may be corrected as in other cases where a verdict is against evidence." *State* v. *Squires*, 48 N. H. 364, 369, 370.

When it is said that the admissibility of a confession is a "matter resting wholly in the discretion of the judge, upon all the circumstances of the case" (1 Gr. Ev., s. 219), the meaning is not that he has arbitrary power, but that the question is one of fact. "Judicial discretion, in its technical legal sense, is the name of the decision of certain questions of fact by the court." *Darling* v. *Westmoreland*, 52 N. H. 401, 408. "Whether the confession made to Leavitt was made in consequence of inducement held out by Leavitt, was a question of fact to be decided by the judges who presided at the trial; and their finding upon this question is a

finality as much as the verdict of a jury upon a question of fact."
*State* v. *Pike*, 49 N. H. 399, 407. "The law is too well settled in
this state to be considered an open question. We do not interfere
with the verdict of a jury to set it aside as against evidence, unless
we are well satisfied that it has been procured through corruption,
or manifest mistake in the consideration and application of the
evidence, and that substantial justice has not been done." *Lisbon*
v. *Bath*, 21 N. H. 319, 335; *Wendell* v. *Safford*, 12 N. H. 171, 178;
*Gould* v. *White*, 26 N. H. 178, 188; *Clark* v. *Society*, 45 N. H.
331, 334; *Houston* v. *Clark*, 50 N. H. 479, 483; *Jewell* v. *Railway*,
55 N. H. 84, 95; *Fuller* v. *Bailey*, 58 N. H. 71; *Smith* v. *Richards*, 29 Conn. 232, 244; *Hamaker* v. *Eberley*, 2 Binn. 506, 510;
*Wilkinson* v. *Greely*, 1 Curtis C. C. 63; *M'Lanahan* v. *Ins.
Co.*, 1 Pet. 170, 183; *R. R. Co.* v. *Fraloff*, 100 U. S. 24, 31; *Shoemaker* v. *U. S.*, 147 U. S. 282, 305, 306. When a case is tried by
the court, a motion to set aside the finding on the ground that it is
against the evidence "stands upon the same footing as if there had
been a verdict of the jury." *Burnham* v. *McQuesten*, 48 N. H.
446, 454. Whether the fact found by the court at the trial term
is that the defendant is guilty (as in *Burnham* v. *McQuesten*), or
that the defendant's confession was voluntary (as in *State* v.
*Squires*), a motion for a new trial, on the ground that the finding
was against the evidence, raises a question of fact to be decided by
a court upon due consideration of the proof.

"The term *admission* is usually applied to civil transactions,
and to those matters of fact in criminal cases which do not involve
criminal intent; the term *confession* being generally restricted to
acknowledgments of guilt. . . . The rules of evidence are in
both cases the same. . . . A distinction is taken between the
admission of particular facts, and an offer of a sum of money to buy
peace. For, as Lord *Mansfield* observed, it must be permitted to
men to buy their peace without prejudice to them if the offer
should not succeed; and such offers are made to stop litigation,
without regard to the question whether anything is due or not.
If, therefore, the defendant, being sued for £100, should offer the
plaintiff £20, this is not admissible in evidence, for it is irrelevant
to the issue: it neither admits nor ascertains any debt; and is no
more than saying he would give £20 to be rid of the action. But,
in order to exclude distinct admissions of facts, it must appear
either that they were expressly made without prejudice, or, at
least, that they were made under the faith of a pending treaty,
and into which the party might have been led by the confidence
of a compromise taking place. . . . It is the condition, tacit
or express, that no advantage shall be taken of the admission, it
being made with a view to, and in furtherance of, an amicable
adjustment, that operates to exclude it. But if it is an independent admission of a fact, merely because it is a fact, it will be
received." 1 Gr. Ev., ss. 170, 192.

"An offer by a party to pay a sum of money by way of compromise of an existing controversy, is not to be used as evidence against him. But an admission of particular facts made during a treaty for a compromise may be given in evidence as a confession. . . . The reason why a mere offer of money or other thing by way of compromise is not to be evidence against him who makes it, is very plain and easily understood : such an offer neither admits nor ascertains any debt, and is no more than saying that so much will be given to be rid of the controversy." *Sanborn* v. *Neilson*, 4 N. H. 501, 508, 509. "A distinct admission of a fact, during an attempt at compromise, may be given in evidence, though an offer made for the purpose of effecting a settlement cannot be; and the reason for the distinction is very satisfactory." *Hamblett* v. *Hamblett*, 6 N. H. 333, 343. "The reason is, that such admissions are in no way necessary to a treaty for a compromise, which is a mere attempt to buy a peace, and are supposed to be made like other admissions, and for some one of the various causes which induce them. But the law protects a party seeking to purchase his peace, by denying to his adversary the benefit of any inferences, that might be derived from an attempt to do so, that the cause of action which he seeks to compromise has some foundation in truth." *Rideout* v. *Newton*, 17 N. H. 71, 73.

That case was assumpsit on a note for $50, purporting to be signed by the defendant and one L. The question was whether the note was signed by the defendant. Subject to exception, the plaintiff was allowed to prove the following facts : The defendant and L had been connected in business to some extent. When the writ was served on the defendant, L not being present, the plaintiff demanded payment of other claims which he had against L, amounting to some one or two hundred dollars. The defendant " asked a person present to advise him as to the propriety of compounding with the plaintiff for the whole, and was advised, if this note was a genuine one, to offer the plaintiff a sum to settle the whole, but if the note was a forgery, not to pay a cent." The defendant offered $25, and on being told that that was not enough, he offered $50, and then $75. The plaintiff's contention was, not that the mere offer of a sum in settlement was evidence of an admission that the defendants signed the note, but that, in view of the advice he asked and received, it was highly probable he made the offer because the note was genuine. " The defendant," say the court, " upon being advised to make an offer provided his signature to the note was genuine, but not otherwise, proceeds to make the offer. It is said that this offer may be shown because it is highly probable, from the advice he received, that he would not have made it unless the signature was so. But . . . such a reason would extend to the admission of any other offer of compromise, because such offers are more apt to be made in cases in which the party making them is conscious that the cause of his

adversary is well founded, than in the opposite cases. The fact that he acted upon advice which he had sought may add a very little to the force of such an inference as is contended for, but too little altogether to make the case an exception to the highly salutary, well defined, and established rule." For this reason, the verdict was set aside.

When a defendant offers to pay a certain sum in settlement, his statement that he is too poor to pay more is not sufficient evidence of an intention to admit his liability. *Downer* v. *Button*, 26 N. H. 338, 344. *Perkins* v. *Railroad*, 44 N. H. 223, was an action for injuries received by a passenger in a collision on the defendants' road. The testimony of another passenger, who was injured in the same collision, that the defendants admitted their liability for injuries caused by the collision, was held competent on the ground (*p.* 225) that " the liability to pay damages in consequence of the accident appears to have been . the matter distinctly admitted to the witness, as stated by him in evidence." The decision is an application of the rule that a distinct admission of a fact is not rendered inadmissible by being made during a settlement. The preliminary question always is, not merely whether an admission of a fact was made during a settlement or negotiation, but whether a statement or act was intended to be an admission. It is a question, not of time or circumstances, but of intention. On that question the time and circumstances may be material evidence. " The rule is strictly held in this state that an offer to compromise is not to be shown, on account of the tendency such a practice would have to discourage the settlement of disputes. But it is at the same time held with equal clearness, that any independent admission, though made in the course of negotiations for a compromise, may be shown." *Plummer* v. *Currier*, 52 N. H. 287, 296; *Harrington* v. *Lincoln*, 4 Gray 563, 567; *Durgin* v. *Somers*, 117 Mass. 55, 61; *Draper* v. *Hatfield*, 124 Mass. 53, 56; *Evans* v. *Smith*, 5 T. B. Mon. 363.

In *Sanborn* v. *Neilson*, 4 N. H. 501 (before cited), the defendant's rejected offer, made during a negotiation for an adjustment of the plaintiff's claim, was held to be evidence because it followed, and was based upon, the defendant's express admission of the alleged tort. Upon the testimony, the fact could be found that the offer was intended to include a repetition of the admission in an indirect form. This view is presented in the case put (*p.* 509) as an illustration. " If A sue B for $100, and B offer to pay $20, this offer shall not be received as evidence, because it may have been made merely for the sake of peace where nothing was due. But in such a case, if B admit expressly that $20 are due, and offer to pay that sum, . ₒ . both the admission and the offer are evidence." (See *Snow* v. *Batchelder*, 8 Cush. 513, 516, 517.) His offer is evidence when made for one purpose, and is not evidence when made for a different purpose. In both cases, his decisive

intent is a fact to be found by weighing competent proof. "Before the statute making parties competent witnesses, the ordinary way to prove their intent or understanding was by circumstantial evidence. But now that the party himself is admitted to testify, there is no reason for confining his testimony to a variety of circumstances tending to show his purpose or understanding, when he knows and can testify directly what that purpose or understanding was." *Delano* v. *Goodwin*, 48 N. H. 203, 205; *Norris* v. *Morrill*, 40 N. H. 395, 401, 402; *Graves* v. *Graves*, 45 N. H. 323; *Hale* v. *Taylor*, 45 N. H. 405.

The questions of law and fact are the same whether an admission is claimed to have been made by a payment or by a rejected offer. If a plaintiff and his horse and wagon were injured in a collision with a cart driven by the defendant, and the expense of repairing the wagon was paid by the defendant, whose subsequent offer to pay a certain sum for the injury of the horse was rejected, the question might arise whether the accepted payment and the rejected offer were evidence in an action for the plaintiff's personal injury. Payment, or an offer of payment, may be made to a plaintiff, or to another person having a claim so far like the plaintiff's that the defendant's admission of liability would be applicable to both. The payment, or offer, is evidence of his liability when it is an admission of liability. When a pauper has been supported by a town, or the town has paid for his support, and the act was an admission of liability and not a purchase of peace, it is evidence of the fact which the town intended to admit. The legal principle, applicable to a great variety of cases, is, that intent is the test. An offer of payment, whether accepted or rejected, is evidence when the party making it understood it to be, and made it as, an admission of his liability. It is not evidence when he made it for the purpose of averting litigation, not intending to admit his liability. "If the object be to buy peace, it is plain such an offer carries with it no evidence of the justice of the demand, and it would have a tendency to prevent amicable adjustments if such offers were to be used against the party making them." *Marsh* v. *Gold*, 2 Pick. 285, 290. As his object could not be a matter of law, and he knows what it was, he may testify directly on that point. Confusion has arisen from reported cases in which the line between law and fact has not been clearly drawn. In *Abbott* v. *Andrews*, 130 Mass. 145, the question whether an offer of the plaintiff was an admission of a fact, or a mere effort to avoid controversy, was dealt with as a question of fact depending upon his purpose in making the offer, and the sense in which it was understood by both parties. But the result reached, upon the examination of the evidence of purpose and understanding, was not expressly stated to be a conclusion of fact.

In *Sanborn* v. *Neilson* (before cited) the alleged cause of action, which the defendant had confessed, was a criminal offence. The

plea of not guilty presented for trial the question that would be presented by the same plea to an indictment for the same act. If a retracted or executed offer of compensation was induced by a fear of a criminal prosecution, and a hope of escaping or lessening the consequences, it would not be evidence in the criminal case. If induced by a fear of litigation, and a hope of buying peace, without an intent to admit guilt, it would not be evidence in the civil case. There is no difference in the nature of the cases on which it could be held that the motive was a question of fact in one of them, and that the motive and intent were questions of law in the other.

When the evidence of intent is "conflicting, and the result doubtful," the question whether an offer of payment was an admission of liability may be submitted to the jury with instructions that they are "to ascertain the meaning of the party making it, and . . . inquire and consider what were the views and intention of the defendant in making it; that if, viewing it in this way, they should find that" it "was intended by him as an admission of a fact, then it" is "to be considered by them as evidence; otherwise they" will "lay it out of the case." *Bartlett* v. *Hoyt*, 33 N. H. 151, 154, 165, 166; *Field* v. *Tenney*, 47 N. H. 513, 515, 521; *Hall* v. *Brown*, 58 N. H. 93, 94, 98; *Carr* v. *Ashland*, 62 N. H. 665, 668. The same course may be taken with his payment of a claim like the plaintiff's, presented by a third person. *Eastman* v. *Amoskeag Mfg. Co.*, 44 N. H. 143, 145, 154. The question that may be submitted to the jury is not a question of law when it is decided by the court. If it is submitted to the jury, and they return a special verdict finding the payment was or was not an admission of liability, the verdict on this point is set aside when it is against the evidence. A finding of the same fact by the court is set aside for the same cause.

In *Coffin* v. *Plymouth*, 49 N. H. 173, the plaintiff, Mrs. Coffin, claimed damages of the town for a personal injury caused by the overturn of Mr. Clark's wagon, in which she was riding in a highway. Clark claimed damages of the town for the breakage of his wagon on the same occasion, spoke to the selectmen, or some of them, several times about it, and finally notified the chairman of the board that he should sue the town unless his claim was adjusted on or before a specified day. Thereupon he was asked what was the least sum he would take to settle the matter, and he offered to take what he was obliged to pay for repairing the wagon ($25), which the first selectman paid, protesting, at the time, that the town was not liable. Subject to exception, the payment of Clark's claim was received as an admission of liability. The whole of the reported decision on this subject is, "A majority of the court are of opinion that the evidence excepted to was properly admitted." No reason is given, and the only authority cited is *Perkins* v. *Railroad*, 44 N. H. 223, which is not in point. In that case, the

ground of the decision was that liability was "distinctly admitted to the witness, as stated by him in evidence." In *Coffin* v. *Plymouth* liability was distinctly denied. The validity of Clark's claim was a matter of opinion. However confident the defendants' belief that they were not liable, they might well act upon the assumption that the result of a trial was doubtful. Under the circumstances, the payment of a sum less than the irrecoverable expense of defending the threatened suit was conclusive evidence that the object of the payment was to buy a peace that would cost less than litigation. In the trial of Coffin's case there was no error of law, and the defendants' exception raised no question of law. The verdict could not be set aside without a motion based on an allegation that the finding of the court at the trial was in fact against the evidence. No such motion was made; and it does not appear that attention was called, at the law term, to the question of fact, which was the only question on which cause could be shown for a new trial. Whether the preliminary question of fact is decided by the judge, or submitted by him to the jury, " no exception lies so far as the question is one of fact. If, however, upon the evidence reported by the judge, it clearly appears that there was error in his finding [or in the finding of the jury] upon the matter of fact, it may be corrected as in other cases where a verdict is against the evidence." *State* v. *Squires*, 48 N. H. 364, 369, 370.

In *Grimes* v. *Keene*, 52 N. H. 330, 334, it is said that payment of a claim for damage caused by the same accident is an admission, more or less strong, that the highway, at the point in question, was defective, and the town in fault for its being so; that such an admission is necessarily to be implied from the acknowledgment and payment of the claim, for without the defect there could have been no claim. " If payment of a claim against the town by the selectmen is an admission of the liability of the town, an unqualified offer to pay must be equally so." *Gray* v. *Rollinsford*, 58 N. H. 253, 254. " The town have offered to pay him $25. . . . But this is no proof that they owe him anything." *Sikes* v. *Hatfield*, 13 Gray 347, 353. The amount paid or offered may be one of the circumstances to be weighed on the preliminary question; but the law does not make it the test. An entire claim may be paid to avoid a lawsuit, the payer intending to admit nothing but his desire for peace, the claimant understanding that nothing else is admitted, and both parties believing that the payer is not liable, or having no opinion on the subject. In such a case as *Coffin* v. *Plymouth*, a finding that the payment of an entire claim of $25 was anything more than a purchase of peace would be against the evidence. The proposition that an admission of liability is necessarily to be implied from the payment of a claim or an offer to pay it, is contrary to the fact. " Compromise" generally signifies a settlement in which there is concession on both sides. Used in

that sense, the word does not describe all cases in which peace is bought without an admission of liability, and is not an adequate statement of the law.   In the present case, the preliminary question of fact for the presiding justice at the trial was, whether the defendants' payment of Mrs. Estes's claim in settlement of her suit was an admission of liability, or a mere purchase of peace. As it does not appear that a decision of that question of intent in favor of the defendants would be against the evidence, the exclusion of the payment is not a cause for a new trial.

In *Aldrich* v. *Monroe*, 60 N. H. 118, the plaintiff's omission of a usual precaution of which he might be found to have had knowledge was held to be evidence on the question whether he used reasonable care.   In this case, the warnings given by travellers, which the plaintiff offered to prove, were hearsay evidence of opinions concerning the sufficiency of the road at the place of the accident, and were rightly excluded.

*Judgment on the verdict.*

CLARK, J., did not sit; BINGHAM, J., dissented: the others concurred.