Hillsborough,
 Dec. 6, 1910.

## ALTMAN v. BOSTON & NORTHERN STREET RAILWAY CO.

A voluntary offer by the defendant to pay the plaintiff's claim in full is admis-sible in evidence as an admission of liability.

In an action for negligently colliding with a team, a verdict cannot be ordered for the defendant if the evidence warrants a finding that when danger was imminent ordinary care on the part of the defendant would, and like care on the part of the plaintiff would not, have prevented the accident.

CASE, for negligently injuring the plaintiff's horse, carriage, and harness. Trial by jury and verdict for the plaintiff. Transferred from the January term, 1910, of the superior court by *Wallace,* C. J.

As the plaintiff's servant was driving her team diagonally across Canal street in Nashua, the defendants' car collided with the wagon and caused the injury complained of. The driver did not see the car until after the collision, but the motorman saw that the team was in danger when the front end of the car was opposite the rear end of the wagon. The car was moving at the rate of four and a half to six feet a second, and the team two thirds as fast.

The plaintiff was permitted to testify as to certain statements made to her by the defendants' adjuster, which it was claimed amounted to an admission of liability. The defendants excepted to the admission of this evidence and to the denial of their motion for direction of a verdict in their favor.

*Wason & Moran,* for the plaintiff.

*Doyle & Lucier,* for the defendants.

YOUNG, J. The evidence excepted to was competent. *Coffin* v. *Plymouth*, 49 N. H. 173. Even if an offer to pay a small sum in settlement of a large demand is as consistent with an intention to buy peace as with one to admit liability (*Colburn* v. *Groton*, 66 N. H. 151, 157), it cannot be said that that is the fact when, as in this case, the defendants voluntarily offer to pay the plaintiff's claim in full.

Since the evidence excepted to was properly admitted, it is unnecessary to consider the defendants' second exception. But if that were not so the exception would have to be overruled, for it can be found from the testimony of the expert that the motorman could have stopped the car in a second by reversing it; in other words, in time to prevent the accident. Consequently it can be found that ordinary care on the part of the motorman after he knew the team was in a place of danger would, and like care on the part of the driver after he knew of the approach of the car would not, have prevented the accident.

*Defendants' exceptions overruled.*

All concurred.