Hillsborough,
March 7, 1911.

## Morse *v.* Manchester Street Railway.

In an action to recover for injuries received in a collision, a verdict for the plaintiff cannot be reversed when the evidence warrants a finding that due care on the part of the defendants after they knew of the plaintiff's peril would, and like care on his part after he became conscious of the danger would not, have prevented the accident.

Case, for personal injuries sustained in a collision between a team driven by the plaintiff and the defendants' car. Trial by jury and verdict for the plaintiff. Transferred from the January term, 1910, of the superior court by *Wallace,* C. J., on the defendants' exception to an instruction, in substance, that the defendants would be liable if they could have prevented the accident by ordinary care after they knew or ought to have known that the plaintiff was likely to be in a position of danger from which he could not escape by the exercise of like care, even if his inability to protect himself was the result of his prior negligence.

*Taggart, Tuttle, Burroughs & Wyman (Mr. Wyman* orally), for the plaintiff.

*Burnham, Brown, Jones & Warren,* for the defendants.

Young, J. The defendants concede the validity of the charge as an abstract proposition, but contend that it was inapplicable to the facts of this case. The question therefore is whether there is any evidence that ordinary care on the part of the defendants after they knew of the plaintiff's danger would, and that like care by the plaintiff after he was conscious of his danger would not, have prevented the accident. *Altman* v. *Railway,* 75 N. H. 573.

The plaintiff testified that he did not know of his danger until his team was on the track in front of the approaching car. The motorman testified that he knew the plaintiff was in danger before the team reached the north cross-walk, thirty feet or more from the the place where the accident happened. The team was moving at a speed of five miles an hour. The evidence was conflicting as to the speed of the car and its distance from the point of collision when the motorman first knew of the plaintiff's danger; but as the speed of the team and its distance from that point is known,

it is a simple matter to compute the position of the car. If the speed of the team and car were the same, they were the same distance (thirty feet) from the place where the accident happened. If the speed of the car was two or three times as great as that of the team, the car was two or three times as far away (sixty or ninety feet). A car moving at the rate of five miles an hour can be stopped almost instantly; one moving at ten miles an hour, within twenty-five feet; and one moving at fifteen miles an hour, within thirty-five feet. It can be found, therefore, that ordinary care on the part of the motorman after he knew of the plaintiff's danger would have prevented the accident, no matter how fast the car was moving; and the defendants do not contend that it cannot be found there was nothing the plaintiff could have done to prevent the accident after he knew of his danger.

*Exception overruled.*

PARSONS, C. J., and WALKER, J., concurred.

BINGHAM and PEASLEE, JJ. We agree in the result reached in this case, upon the ground that there was evidence from which the jury could find that, after the plaintiff was in a position of danger from which he could not extricate himself by the exercise of due care, the defendants could have avoided injuring him by the exercise of like care.