Merrimack, }
Jan. 6, 1914. }

### Edward Dow *v.* George H. Dow.

Whether a witness is hostile, and whether for that reason he may be impeached or contradicted by the party calling him, are questions of fact determinable by the trial court.

An affidavit which contains statements relevant to material issues and inconsistent with the affiant's testimony at the trial is admissible in evidence for the purpose of impeachment.

Case, for the alienation of the affections of the plaintiff's wife. Trial by jury and verdict for the plaintiff. Transferred from the April term, 1913, of the superior court by *Plummer,* J.

The defendant introduced in evidence a libel for divorce brought by the plaintiff's wife, charging extreme cruelty, setting forth specific acts, and alleging that by his inhuman conduct the plaintiff compelled her to leave his home. The plaintiff's wife, who was hostile to his case, was called by him as a witness, and testified generally in support of the charges in the libel and in denial of intimacy with the defendant. She identified her signature to an affidavit produced by the plaintiff's counsel, which read as follows: "I wish to state to Mr. Stark, my husband's attorney, that I am sorry that my divorce action was ever started between myself and my husband, Edward Dow. There never would have been this trouble between Edward and myself if I had not listened to the advice of George Dow; but I am through with George now, and I have acted unwisely and am sorry. I have informed Kirk D. Pierce, my attorney, to have my divorce action dropped." The defendant excepted to the admission of the affidavit in evidence.

*John M. Stark,* for the plaintiff.

*James A. Broderick,* for the defendant.

Parsons, C. J. The suit was for the alienation of the affections of the plaintiff's wife. There was proof of an action for divorce by the wife against the plaintiff, the libel being in evidence. The plaintiff called his wife as a witness and, having proved the signature by the wife, was permitted to read to the jury a statement in the form of an affidavit signed and sworn to by her. Whether

there was an error of law in the admission of this affidavit is the sole question in the case.

Whether the witness was hostile, and whether the plaintiff, having called the witness, should be permitted to contradict and impeach her, were questions of fact determined at the trial. *Whitman* v. *Morey*, 63 N. H. 448, 456. · The statements of the affidavit are relevant to issues which must have been material at the trial: an explanation of the allegations of the libel for divorce, and the responsibility of the defendant for the "trouble" between the plaintiff and his wife. The witness having testified differently, the affidavit was admissible to discredit her testimony. *Whitman* v. *Morey, supra; Hurlburt* v. *Bellows*, 50 N. H. 105, 116.

*Exception overruled.*

All concurred.