Hillsborough,
Jan. 3, 1922.

### JOHN F. DUNKLEE v. LEON PRIOR.

A witness, having denied on cross-examination that he had made any statement inconsistent with his testimony, admitted that he had signed a certain statement thereupon shown him. The exclusion of the statement by the trial justice, in the exercise of his discretion, on the ground that the witness did not give the narrative as recorded in the statement is unexceptionable.

CASE, to recover damages for injuries claimed to have been sustained by being struck by an automobile carelessly operated by the defendant. Trial by jury and verdict for the defendant. The defendant denied that the plaintiff was struck by his automobile, and also introduced evidence tending to show that the plaintiff, if struck, was not injured. Exception was taken by the plaintiff to the exclusion of evidence. The facts relevant to the exception appear in the opinion. A bill of exceptions was allowed by *Branch*, J., at the January term, 1921, of the superior court.

*John R. McLane* and *Ralph W. Davis* (*Mr. McLane* orally), for the plaintiff.

*George I. Haselton* and *Emery I. Lapierre* (*Mr. Haselton* orally), for the defendant.

PLUMMER, J. The defendant called as a witness, the physician to whom the plaintiff went upon the day of the accident, who testified that he could not find that the plaintiff had sustained any injury. The plaintiff's attorney upon cross-examination, in an effort to discredit the witness, inquired of him if he had not made certain statements that were inconsistent with his testimony. The witness denied that he had. Upon being asked if he had signed a statement relating to the case, he replied that he did not know that he had, but admitted his signature upon a written statement shown him. He was asked if the attorney who took the statement did not write down what he told him, and he said: "I suppose so; hope so." There was no other evidence respecting the making and signing of the statement. At the conclusion of the testimony of the witness, the plaintiff offered the statement signed by him to contradict his evidence. It was excluded, and the plaintiff excepted.

The plaintiff contends that having proved by the witness' admission

of his signature that he signed the statement, he was entitled as a matter of law to introduce it to discredit his evidence. If there had been no controversy relative to the making of the narrative as recorded in the signed statement, or if it had been conclusively established that the witness made it, he would be correct. But the witness denies having made the statements and his evidence would warrant a finding that he did not. Under such circumstances, two methods of procedure were open to the trial court. He could have admitted the statement with the instructions to the jury that they should determine whether the witness made it. If they found that he did, they should give it proper consideration. But, if they should conclude that he did not, then they should lay it out of the case. Or, in the exercise of his discretion, he could determine upon the evidence whether the witness made the statement, and admit or exclude it in accordance with his finding. The court pursued the latter course. And as there was testimony to support a finding that the witness did not make the statement, the exception to the exclusion of the evidence cannot be sustained. It was the province of the trial court, if he deemed it advisable, to pass upon the competency of this evidence, and having done so, his decision based upon sufficient evidence is not revisable. While no case exactly like this has been passed upon by the courts in this state, cases that are analogous in principle have been decided. In *Colburn* v. *Groton*, 66 N. H. 151, evidence of the payment of a claim offered by the plaintiff to prove an admission of liability was excluded. The court in the opinion said: "The preliminary question of fact for the presiding justice at the trial was, whether the defendants' payment of Mrs. Estes' claim in settlement of her suit was an admission of liability, or a mere purchase of peace. As it does not appear that a decision of that question of intent in favor of the defendants would be against the evidence, the exclusion of the payment is not a cause for a new trial." The court in *Theobald* v. *Shepard*, 75 N. H. 52, 58, used the following language: "Nor was it error for the court to find that a certain letter written by the plaintiff to the defendants, offering to make a discount, was intended as an offer of compromise under the circumstances, and to exclude it for that reason." *Bartlett* v. *Hoyt*, 33 N. H. 151, and *Field* v. *Tenney*, 47 N. H. 513, are cases in which evidence of a similar character was submitted to the jury under proper instructions. In *Bartlett* v. *Hoyt, supra*, it was said that "whether the facts exist as claimed by one party or the other, is a question of fact, which, when presented in the form of the preliminary inquiry, as to the competency

of the witness, may be determined by the court, or, in the exercise of their discretion, by the jury." In *Jenness* v. *Jones*, 68 N. H. 475, the court after stating that whether a statement was an admission of liability might be submitted to the jury under proper instructions, added: "But the question of fact upon which, in such case, the competency or otherwise of the evidence depends need not necessarily be submitted to the jury, but may be found by the court in passing upon the competency of the evidence."

It is held in this state that whether a confession in a criminal action is voluntary, and, therefore, entitled to be admitted as evidence, is a question of fact for the trial court to determine. *State* v. *Squires*, 48 N. H. 364, 369; *State* v. *Pike*, 49 N. H. 399, 407. It was said in *State* v. *Squires*, *supra*, that "Whether the confession of the prisoner was voluntary or not is purely a question of fact; as much so as the question whether a witness offered to testify was interested or not, or whether a witness was qualified to testify as an expert, or whether the loss of a paper has been shown so as to allow the introduction of secondary evidence of its contents. In this and the like cases, the judge who tries the cause must decide, although in some instances he may submit the question of fact to the jury. In either case, whether the decision be by the judge alone, or it be also passed upon by the jury, no exception lies so far as the question is one of fact." The trial court can determine as a preliminary question of fact whether experiments have been made under such conditions that they may be introduced as evidence. *Saucier* v. *Spinning Mills*, 72 N. H. 292. In a highway damage case "whether the exact place where it is claimed the damage was received is sufficiently designated in the notice, is a preliminary question of law and fact to be determined by the court. Like kindred questions, it may, however, be submitted with proper instructions to the jury." *Carr* v. *Ashland*, 62 N. H. 665, 668. The finding of a trial court that a child is of sufficient intelligence to testify, if made upon sufficient evidence, is not revisable. *State* v. *Sawtelle*, 66 N. H. 488, 502.

In *Jones* v. *Tucker*, 41 N. H. 546, 548, the subject is discussed by Judge *Doe* as follows: "The rule determining the subjects upon which experts may testify, and the rule prescribing the qualifications of experts, are matters of law; but whether a witness, offered as an expert, has those qualifications, is a question of fact, to be decided by the court at the trial. The various disqualifications which render a person incompetent to be sworn and to give any testimony, are

fixed by law, but whether the disabilities exist in a particular case is a question of fact. And whether a disability is such that a person cannot testify at all, or only such that he cannot testify as an expert, the existence of the disability is equally a matter of fact, most conveniently and satisfactorily determined at the trial. That an expert must have special and peculiar knowledge or skill, is as definite a rule as that the search for a lost paper, or subscribing witness, must be diligent and thorough; and whether a witness has special and peculiar knowledge, is as much a question of fact as the question whether a search is diligent and thorough. Upon a question of fact, the whole court will not revise the decision of a presiding justice, unless it is specially reserved by him for revision, and his decision is not subject to exception. In the present case, it does not appear that the rule of law, prescribing the qualifications of an expert, was disregarded, and the judgment of the presiding justice, as to what the qualifications of the witness were, was conclusive and final." The plaintiff cites *Thompson* v. *Morin, ante,* 144; *Koren* v. *Company, ante,* 98; *Dow* v. *Dow,* 77 N. H. 150; *Villineuve* v. *Railway,* 73 N. H. 250; *Haines* v. *Insurance Co.,* 52 N. H. 467. None of these cases furnish any authority in support of the plaintiff's contention.

The exception of the plaintiff, which was overruled, to the introduction in evidence of a written statement by the defendants in *Thompson* v. *Morin, supra,* was based upon the ground that the statement was not properly introduced, and did not contradict the plaintiff's witness. There was no preliminary question as to the making or signing of the statement.

In *Koren* v. *Company, supra,* a witness for the plaintiff on cross-examination was shown papers which he admitted signing. But they were not offered in evidence by the defendants.

The defendant excepted to the introduction of an affidavit by the plaintiff in the trial of the case of *Dow* v. *Dow, supra.* The plaintiff called the affiant to introduce the affidavit which contradicted her. The court held that whether the witness was hostile, and whether having called her, the plaintiff should be permitted to contradict and impeach her, were questions of fact for the trial court to decide. And also that as the affidavit was relevant to material issues, and inconsistent with her testimony, it could be admitted to discredit her. The exception was not taken by reason of any claim that the affidavit was not made or signed by the affiant.

In *Villineuve* v. *Railway, supra,* the defendants upon cross-examination of a witness showed to him a written statement which he denied

making or signing. In presenting their evidence the defendants called a witness who identified a written statement and testified that it was made and signed by the above mentioned witness. The statement was then read to the jury without exception. There was no question as to the admission of the statement. The controversy in the case related to the method of examining a witness.

The exceptions, which were overruled in *Haines* v. *Insurance Co., supra,* related to the introduction of evidence as to the value of property and the method of contradicting witnesses by their depositions. The case has no special bearing upon the issue under discussion, except it contains abundant proof of the policy of this court to leave to the decision of the trial court whether evidence should be excluded on account of its remoteness in point of time or place. The plaintiff in his brief has cited cases from other jurisdictions which appear to sustain his contention to a certain extent. But, if they sustained him absolutely, they could not be followed, in view of the long established and well settled rule of this court to leave questions of such a character as the one here under consideration to the final determination of the trial court. "Finality as to the *findings of fact,* however, is by most Courts in theory, and by some Courts in practice, conceded to the trial judge. . . . This is the sensible and practical doctrine. A few courts — notably of New Hampshire (largely due to the influence of Chief Justice Doe) and of Massachusetts — systematically recognize it for substantially all the rules of evidence. On a few topics (such as the qualifications of an expert witness) almost all Courts enforce its recognition. On the remaining topics, most Courts profess an adherence to it, but nevertheless inconsistently waste their own time and that of the profession by recording at great length their opinions upon a thousand petty questions of fact preliminary to the admission of particular pieces of evidence. This is due chiefly to their usual qualification that the discretion is final unless it is 'abused'; so the necessity of overhauling the facts in detail, to see whether discretion has been 'abused,' involves the very labor for the appellate Court and the very uncertainty for suitors which would be obviated by a doctrine of discretion, if it were worth anything at all. It is usually the appellate Court, not the trial Court, that 'abuses' the doctrine of discretion. However, in theory at least, all Courts are found more or less explicitly recognizing some concession of finality to the trial judge on the matters of fact upon which the application of the rules of evidence depend." Wigmore, Ev., *s.* 16.

The case is disposed of upon the assumption that the court did not rule as a matter of law that the evidence is inadmissible. *Cross v. Company*, 79 N. H. 116, 120. If this is not the correct interpretation of the case, the plaintiff can apply to the superior court for an amendment stating the grounds for the ruling.

*Exception overruled.*

All concurred.