W. W. WARDELL ET AL., APPELLANTS, V. ANNIE B. McCONNELL, APPELLEE.

Accord and Satisfaction.  The rule is, that where the damages are uncertain, accord and satisfaction before judgment by one of several joint wrong-doers is satisfaction as to all ; but the discharge of a party not shown to be a joint wrong-doer will not operate as a discharge of the other defendants.

APPEAL from the district court of Richardson county. Heard below before APPELGET, J.

*Isham Reavis* and *J. D. Gilman*, for appellants, cited : High on Injunctions, Sec. 125.  *Williams v. Lee,* 3 Atk., 223.  *LeGuen v. Gouverneur,* 1 Johns. Cas., 436.  *Barker v. Elkins,* 1 Johns. Ch., 465.  *Duncan v. Lyon,* 3 Johns. Ch., 351.  *Ellis v. Bitzer,* 2 Ohio, 89.  *Turner v. Hitchcock,* 20 Iowa, 310.

*Frank Martin,* for appellee, cited : *Wilson & Gibbs v. Reed,* 3 Johnson, 175.  *Turner v. Hitchcock,* 20 Iowa, 315.  *Seymour & Co. v. Butler,* 8 Iowa, 304.  *Bell v. Perry,* 43 Iowa, 372.  *Parmelee v. Lawrence,* 44 Ill., 413. *Moore v. Stanwood,* 98 Ill., 608.

MAXWELL, J.

This action was brought in the district court of Richardson county to enjoin a judgment recovered by the defendant herein against the plaintiffs in that court, the basis of the judgment being for loss of means of support caused by the sale of intoxicating liquors by the plaintiffs to the husband of the defendant.  The case is reported in 23 Neb., 152.  The injunction is sought upon the ground that, prior to the recovery of the judgment in that case, the defendant herein had received $75 from one Huber, a defendant in that action, and that thereby the plaintiffs

herein (defendants in that suit) were. released· and· dis-, charged. There is also an ·allegation that the. plaintiffs. had no knowledge of such compromise. before. the final judgment, and Mr. Wardell testifies to, that fact. On the. trial of the cause in the court below the. injunction was, denied, and the case dismissed. The plaintiffs appeal.

The testimony tends to show that all the persons en-. gaged in the sale of intoxicating liquor at Falls City were, joined as the defendants in the action of Annie B. McCon-, nell v. W. W. Wardell et al., the object apparently being. two-fold, viz., to recover for loss of means. of support, and also to prevent sales of such liquor. to the. husband of the plaintiff in that action. The testimony fails. to show. that Huber had ever sold intoxicating liquor to. J. B. Mc-, Connell, the husband of the, plaintiff in that action, and it ·is expressly proved that Mrs. McConnell had no facts in, her possession at the time of bringing the action to justify. her in joining Huber as defendant, and if the testimony. before us is to be believed, a verdict must have been ren-, dered in his favor. The testimony also tends to, show that Huber was unwell, and one of the sureties on his bond, fearing a recovery against him, was pressing Huber to ef-, fect some arrangement in the matter. The effect was that the attorney for Mrs. McConnell and the attorney of· Huber agreed that there was no evidence. against Huber, and that the case on the trial would result in a verdict in, his favor. Huber's attorney then proposed to pay a cer-. tain amount as a gratuity to Mrs. McC. if he could assure, the surety of Huber that the latter was not, under the evi-, dence in the case, liable. The sum of $75 was paid upon, these conditions. Afterwards the case was dismissed as to, Huber.

A transaction of ·this kind requires careful scrutiny, as, it is somewhat remarkable that a saloon keeper would do-, nate $75, as claimed by the defendant's attorneys, to assist, in the prosecution of the case, and without any expecta-,

tion of receiving any benefit therefrom. But whatever the motive, it is apparent from the testimony that Huber had not in any degree contributed to the intoxication of J. B. McConnell, and therefore was not liable.

The rule is, that where the damages are uncertain, accord and satisfaction before judgment by one of several joint wrong-doers is satisfaction as to all. *McReady v. Rogers*, 1 Neb., 124. *Long v. Long*, 57 Iowa, 497. *Urton v. Price*, 57 Cal., 270. In the case at bar, there being no proof that Huber was jointly a wrong-doer in the sale of liquors to J. B. McConnell, the receipt of the money by Mrs. McC. and dismissal of the action as to Huber did not release the plaintiffs in this action. The judgment of the district court is right, and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.