Hillsborough,  }
Feb. 1, 1916.  }

### SAMUEL CARPENTER v. W. H. McELWAIN COMPANY.

To constitute a joint tort, there need not be concerted action on the part of all
sought to be charged, but, if the negligence of each is a proximate cause of the
single indivisible injury, a common liability therefor is established.

One who is injured by the joint wrong of two or more persons is entitled to only
one full compensation for the injury and not to full damages from each of the
several wrongdoers; and, after receiving full satisfaction for his damages from
one of them, he cannot recover further damages from the others.

A release under seal, by one injured through the negligence of the releasee, and
purporting to be "in full settlement of all my claims and causes of action," and
further stating that the releasor was "signing away his right to any further claim
for injuries," cannot, in the absence of fraud or mistake, be contradicted or
changed by parol evidence to show, in an action by the releasor against a third
person as a joint tort-feasor, that he received an inadequate consideration for
the release.

CASE, for personal injuries. The declaration alleges that on
March 28, 1913, the plaintiff was employed as a teamster by one
Totman, who let his teams to the defendant for hire; that the
plaintiff under the arrangement was driving one of Totman's teams
in performing the work of the defendant, under the direction and
control of the latter; that while so engaged it became necessary to
cross a ditch by backing his horses and a dray over a bridge which
through the negligence of the defendant was defective and unsuitable
for the use he was ordered to make of it by the defendant, and as a
consequence he was injured.   After the accident, Totman made a
settlement with the plaintiff who gave him a release of all his claims
on account of the accident.   The release is as follows:

"Settlement in Full of Claim for Personal Injury.

"I, Samuel Carpenter, hereby acknowledge payment to me in
hand this day by E. H. Totman of the sum of Forty Dollars, in full
settlement of all my claims and causes of action which I now have
or hereafter may have against the said E. H. Totman on account of
an accident which occurred to me on or about March 28, 1913,
causing injury to me.   It is expressly understood and agreed that
the said sum is the sole consideration of this release and is in full
settlement of all my claims and causes of action.   There are no
agreements or understandings between the parties other than ex-
pressed and embodied herein.

"IN TESTIMONY WHEREOF I have hereunto set my hand and seal this 24th day of April, 1913, at Manchester, N. H.

SAMUEL CARPENTER.     (Seal)

"The foregoing agreement was read by Samuel Carpenter, who said that he understood it; that he knew that in signing it he was signing away his right to any further claim for injuries therein referred to; that he was satisfied with the settlement; and that he signed it of his own free will.          E. H. TOTMAN,

C. A. COUGHLIN."

The question was transferred from the January term, 1915, of the superior court by *Branch*, J., whether the release is a bar to this action. If it is, there is to be judgment for the defendant; otherwise the case is to stand for trial.

*Thorp & Abbott* (*Mr. Abbott* orally), for the plaintiff.

*Jones, Warren, Wilson & Manning* (*Mr. Manning* orally), for the defendant.

WALKER, J. While there is much disagreement in the cases as to the effect of a release of one wrongdoer upon the liability of another who participated in the wrong, the principle that a technical release of one joint tort-feasor, which is presumed to be upon a consideration amounting to compensation for the injury, is a bar to a suit against the other for the same wrong, is generally recognized and approved. But like all general principles of legal right, it has been modified and limited in its application to specific cases and many exceptions have been introduced, which have caused no little apparent conflict of authority. This has arisen largely from different views of what is meant by compensation, for it is usually conceded that one who has suffered a single personal injury caused by the concurring negligence of two or more persons is not entitled to more than one compensation. He is not entitled to full damages from each of several wrongdoers for the same injury. In some cases it is substantially held that, if the party released is not shown to be in fact responsible for the injury, a payment of money by him to the injured party cannot be deemed a compensation, although the latter executed a release to the former upon the distinct understanding that there was a liability and that the money paid was regarded as full compensation. This result is sought to be justified upon the ground that the release was not in fact a release, but a mere covenant not to sue the releasee, while the money paid was a mere gratuity.

*Wardell* v. *McConnell*, 25 Neb. 558; *Thomas* v. *Railroad*, 194 Pa. St. 511; *Atlantic Dock Co.* v. *New York*, 53 N. Y. 64; *Kentucky &c. Bridge Co.* v. *Hall*, 125 Ind. 220; *Pickwick* v. *McCauliff*, 193 Mass. 70; *Dufur* v. *Railroad*, 75 Vt. 165; *Missouri &c. Railway* v. *Mc-Wherter*, 59 Kan. 345.

Other cases hold that it is unimportant whether the releasee is in fact a joint tort-feasor or not; if a claim of liability for the wrong is made against him by the injured party and compensation therefor is made by the former, no further action for the tort is maintainable against others who might have been liable.    The plaintiff, it is said, is estopped, after having received compensation from one whom he claimed to be liable for the tort, to seek additional damages from others.   *Tompkins* v. *Railroad*, 66 Cal. 163; *Brewer* v. *Casey*, 196 Mass. 384; *Snyder* v. *Telephone Co.*, 135 Ia. 215; *Hartigan* v. *Dickson*, 81 Minn. 284; *Leddy* v. *Barney*, 139 Mass. 394; *State* v. *Railways* (Md. Court of Appeals), 95 Atl. Rep. 43; *Cleveland &c. Ry. Co.* v. *Hilligoss*, 171 Ind. 417; *Hubbard* v. *Railroad*, 173 Mo. 249; *Lovejoy* v. *Murray*, 3 Wall. 1, 17; *Denver &c. Railroad* v. *Sullivan*, 21 Col. 302; *Casey* v. *Telephone Co.*, 139 N. Y. Supp. 579.

When there is a statement in the release in the nature of a reservation of the right to sue or to hold the other wrongdoers responsible for the tort, it has been held that it does not constitute a bar to a suit against them, for the reason that the compensation received was not intended to cover all the damages suffered by the plaintiff, *Gilbert* v. *Finch*, 173 N. Y. 455.    Upon this theory the intention of the parties, ascertained from the language of the written contract, is of controlling importance and limits the effect of what might, upon a strict construction, be held to be a full and complete release of the cause of action.    The limitation or reservation of the right to look to others for further damages is strong evidence that the damages received were not regarded as full compensation for the injury inflicted.    This view is also supported by *Kropidlowski* v. *Leather Co.*, 149 Wis. 421; *Wilson* v. *Reed*, 3 Johns. 175; *Missouri &c. Railway* v. *McWherter*, 59 Kan. 345; *City of Louisville* v. *Nicholls*, 158 Ky. 516; *Ellis* v. *Essen*, 50 Wis. 138; *Hirschfield* v. *Alsberg*, 93 N. Y. Supp. 617.    On the other hand some cases hold that as the reservation is inconsistent with the grant in a technical release it must be rejected as of no legal effect.    *Ayer* v. *Ashmead*, 31 Conn. 447; *Gunther* v. *Lee*, 45 Md. 60; *Seither* v. *Traction Co.*, 125 Pa. St. 397; *McBride* v. *Scott*, 132 Mich. 176; I Cooley, Torts (3d ed.) 234, 235.

Whether, if Totman to whom the release was given was a stranger who had no connection with the tort, his discharge from liability would constitute a defense in this action in accordance with many of the authorities, is an interesting and perhaps difficult question, which it is not necessary to decide; for it is reasonably plain that under the facts alleged in the declaration and those stated in the contract of settlement, the plaintiff claimed that Totman was liable in an action of negligence for the same injury for which he now seeks to charge the defendant. He was not deemed a stranger but a participant in the wrong. As the case is presented it must be assumed that the facts stated in the declaration and in the contract of release are true. Whether Totman was actually guilty of negligence contributing to the plaintiff's injuries cannot be known in the absence of a trial of that issue. The case must be considered substantially as it would be upon a demurrer to a plea setting up the release as a defence. It does not appear either directly or by reasonable inference that as a matter of law his claim was unfounded or unreasonable, or that Totman was not liable jointly with the defendant for the injury complained of. Totman furnished him with the horses, harnesses, drag and other necessary tools and appliances for doing the team work which Totman had contracted to do for the defendant. The plaintiff, under the arrangement, was to drive the team furnished him by his employer, in doing the work under the direction of the defendant. The furnishing of the team for use by the plaintiff was not a mere gratuitous bailment (*Gagnon* v. *Dana*, 69 N. H. 264), but a service for which Totman was paid. No reason is apparent why his duty of care in providing a suitable team for the plaintiff to drive while doing the defendant's work was not as great as it was when the plaintiff was engaged in the same service directly for his employer. A violation or neglect of this duty proximately contributing to the plaintiff's injury would make Totman a tort-feasor in respect to the tort alleged in the plaintiff's declaration against the defendant; and upon this theory both might have been sued jointly or severally. It is not necessary that there should be concerted action on the part of both defendants. If the negligence of each was a proximate cause of the single indivisible injury to the plaintiff, a common liability therefor is established. In I Cooley, Torts (3d ed.) 247 it is laid down as a proposition supported by the weight of authority "that, where the negligences of two or more persons concur in producing a single, indivisible injury, then such persons are jointly and severally liable, although there was

no common duty, common design or concert action." *Bodge* v. *Hughes*, 53 N. H. 614, 617, 618; *Nashua I. & S. Co.* v. *Railroad*, 62 N. H. 159.

It is clear, therefore, that it does not conclusively appear that Totman was not jointly liable with the defendant, if the latter's liability is assumed, as it must be upon the case as presented, while it does appear that the relationship of the parties to the tort was such that a claim of joint liability was not unreasonable. That the plaintiff proceeded upon the theory that the releasee was liable in damages for the injuries he suffered can admit of no doubt; for the release is based upon that theory; its language admits of no other construction. The plaintiff was not seeking a mere gratuity from his employer, but was asserting a right of action against him for damages on account of his injuries, which constitute the basis of his present action. The joint or several liability of Totman and the defendant results from a construction of the contract in connection with the allegations of the declaration.

The only other question it is necessary to consider is—did the plaintiff receive full compensation under the agreement of settlement for his injuries? The fundamental doctrine applicable to cases of this character is that the injured party is only entitled to one full compensation, and hence it is universally held that having received satisfaction for his damages from one wrongdoer he cannot recover further damages for the same injury from another wrongdoer. In addition to cases already referred to see *Gilpatrick* v. *Hunter*, 24 Me. 18; *Cleveland* v. *Bangor*, 87 Me. 259; *Snow* v. *Chandler*, 10 N. H. 92. In the application of this principle, a technical release under seal to one wrongdoer has been held to constitute an extinguishment of the right to seek additional damages of another, because it is argued the release imports an adequate consideration, without regard to the fact, and consequently operates to divest the releasor of his cause of action, even in cases where in the release there is a reservation of a right to proceed against others for the same injury. See cases cited *ante.* If this is a correct statement of the law, the plaintiff parted with his right to hold the defendant responsible when he released Totman, and the release is a good defense to this action.

But it may be urged that this is an ancient and technical view of the law which at the present day finds little favor, since it often results in defeating the expressed intention of the parties. But it is unnecessary to consider the legal effect of a purely technical

release or to place the decision on that ground, for the same result follows in this case from a construction of the language of the release, without regard to the fact that it is under seal. The document is called "Settlement in full of Claim for Personal Injury." It acknowledges the receipt of forty dollars from Totman, "in full settlement of all my claims and causes of action which I now have or hereafter may have against the said E. H. Totman on account of an accident which occurred to me on or about March 28, 1913, causing injury to me." It is expressly "agreed that the said sum is the sole consideration of this release and is in full settlement of all my claims and causes of action," and that "there are no agreements or understandings between the parties other than expressed and embodied herein." The plaintiff also acknowledged that "he was signing away his right to any further claim for injuries therein referred to," and "that he was satisfied with the settlement." There is no intimation that the forty dollars paid to him by Totman was in the nature of partial compensation for his injuries, or that he expected to recover a further sum of the defendant. He was quite satisfied with the settlement of his claim against Totman, which was the same as his claim against the defendant, viz. full compensation for his injuries. As a matter of law it was an indivisible claim. From the language of the release it would be difficult to infer that the plaintiff understood that the money he received was less than the compensation he was entitled to. So far as appears it was all he claimed. He assessed his damages, which were unliquidated, and they were paid to him in full settlement. In short, there is nothing to base an inference upon that he did not deem the forty dollars full compensation for his injuries; and, as that is all he is entitled to, he has no claim against the defendant.

In the absence of any suggestion of fraud or mistake, justice and equity forbid that he should now be permitted to contradict the terms of the release or seek to change the legal effect of it as judicially ascertained, by the introduction of parol evidence as to the extent of his injuries. Having received in settlement of his claim, from one whom he claimed to be responsible for the tort, what he then deemed full compensation for his injuries, it would be inequitable for him to be allowed in a suit against another tort-feasor, jointly or severally liable, to recover additional damages, by the introduction of evidence that the compensation received was inadequate. In an action at law such evidence is not admissible; nor is it admissible in equity except upon equitable grounds.

*McIsaac* v. *McMurray*, 77 N. H. 466, 468; *Tasker* v. *Ins. Co.*, 59 N. H. 438, 445.

In *Cleveland ˌ&c. Ry. Co.* v. *Hilligoss*, 171 Ind. 417 it was held in accordance with numerous authorities that, for a single injury, whether caused by one or several persons there can be but one satisfaction, and a satisfaction by one of several inures to the benefit of all. It is there said (p. 425) "that when a pretended claim for a tort has been settled by treaty, and satisfaction rendered the claimant by one so connected with the trespass as to be reasonably subject to an action and possible liability, as a joint tort-feasor, the satisfaction rendered will release all who may be liable, whether the one released was liable or not. . . . It will be deemed sufficient if there is an appearance of liability; that is, something in the nature of a claim on the one hand, and a possible liability under the rules of law on the other." It is not important whether the alleged wrongdoers are, ·upon the statement of facts, liable jointly or severally. If their combined acts of negligence proximately caused the damage, no reason can be assigned why the injured party should be permitted to recover more than one full compensation. "But when the plaintiff has accepted satisfaction in full for the injury done him, from whatever source it may come, he is so far affected in equity and good conscience that the law will not permit him to recover again for the same damages." *Lovejoy* v. *Murray*, 3 Wall. 1, 17; *Cleveland* v. *Bangor*, 87 Me. 259, 264.

Nor can it be successfully claimed that Totman was a mere stranger to the circumstances attending the accident, so that, upon the theory of some of the cases, the release to him did not affect the liability of the defendant, and amounted merely to a covenant not to sue him; for it is apparent that his negligence in furnishing the team, if that is the ground of his liability, may have been operative in connection with the negligence of the defendant, in producing the accident. And it follows that in this view he was not a stranger but actively and immediately concerned in the work the plaintiff was doing when he was injured. *Robinson* v. *Railroad*, 80 Vt. 129, 142, and see other cases cited above. If, for instance, the horses were unruly or the harnesses were unsuitable for the work to be done, and Totman was negligent in furnishing them, his want of due care iħ these respects may have contributed to the accident in connection with the defective bridge which the defendant provided. And if it did, he would not be a stranger but a participant in causing the plaintiff's injuries. This is a reasonable explanation

of the position the plaintiff assumed when he demanded satisfaction of Totman for his injuries, and received full compensation therefor in settlement of his claim.   The money was not paid or received as a gratuity, for it is clear the parties did not so understand the transaction.   While the payment was not an admission of liability on the part of Totman (*McIsaac* v. *McMurray*, 77 N. H. 466), the plaintiff cannot now be permitted to take the position that the releasce was entirely free from the fault upon which the settlement was predicated, in order to obtain further damages from the defendant. In short, the plaintiff cannot be compensated twice for his injuries. His intention as expressed in the release must be enforced.

According to the provisions of the case there must be

*Judgment for the defendant.*

All concurred.