Sullivan,
June 5, 1923.

### NELLIE M. SPAULDING v. ARTHUR F. MAYO.

Whether an agreement is void as being in restraint of trade is ascertained by determining whether the limitations on freedom of action are reasonable.

A promise to employ the defendant in the plaintiff's undertaking business is a sufficient consideration for the defendant's promise not to engage in such business on his own behalf.

The court will enjoin the breach of an agreement, if the injured party is without adequate legal remedy and if under all the circumstances the enjoining of the guilty party is the reasonable thing to do.

A contract is to be performed within one year within the meaning of P. S., c. 215, s. 2, if, by the agreement, it may be fully performed within that time, regardless of the expectation of the parties.

Whether an adequate remedy exists at law is to be determined upon all the circumstances of the particular case.

A general finding includes a finding of all the special findings necessary to sustain it, unless it appear from the special findings that such is not the case.

An exception to a finding of fact by the trial court presents nothing for the supreme court, if the evidence is not transferred.

After a decree has been filed without objection, it will not be set aside on the ground that there was no evidence to sustain it.

BILL IN EQUITY, praying for an injunction. Hearing by the court, and decree for the plaintiff. The plaintiff in consideration of the defendant's agreement, not to engage in the undertaking business in Claremont in competition with her, employed him as an undertaker and he worked for her, under this agreement, for a year and a half. He then left her without cause and engaged in the undertaking business on his own account. The defendant in his answer denied that he made this agreement and alleged that the "contract, if it existed, was in restraint of trade; that it was without consideration; that it was lacking in mutuality; and that the

relief prayed for, if granted, would be unduly oppressive . . . ; that it was not ancillary to the sale of stock, fixtures or good will; that the above defendant had not learned or had any opportunity to learn any trade secrets; . . . and further that the plaintiff has a plain, complete and adequate remedy at law."

After the decree was filed, the defendant moved to dismiss the bill for the reasons stated in his answer and to set the decree aside as against the law and the evidence.

Transferred by *Allen*, J., on the defendant's exceptions to the denial of these motions.

*Francis W. Johnston, Jesse M. Barton* and *Louis A. Maxson (Mr. Johnston* orally), for the plaintiff.

*Hurd & Kinney (Mr. Hurd* orally), for the defendant.

YOUNG, J.    1. The test to determine whether the agreement is void because it imposes limitations on the defendant's freedom of action is to inquire whether the limitations are reasonable.    *United States* v. *American Tobacco Co.*, 221 U. S. 106, 179; *Bancroft* v. *Company*, 72 N. H. 402, 406.

The general finding for the plaintiff includes a finding of all the special facts necessary to sustain it; *McGinley* v. *Railroad*, 79 N. H. 320, unless it appears from the special findings that that is not the case.    It must be held, therefore, that the court found that the limitations contained in this agreement were reasonable, for there is nothing in the special findings which even tends to negative this conclusion.

2. The court has found that the plaintiff changed her position because of the defendant's promise, and that constitutes a sufficient consideration for his promise not to engage in the undertaking business in Claremont in competition with her.

3. The fact the plaintiff acted in reliance on the defendant's promise disposes of his contention that the agreement is invalid because it lacks mutuality.    In other words, the plaintiff's promise to employ the defendant as an undertaker was a sufficient consideration for his promise not to engage in the undertaking business. Whether the plaintiff would have been entitled to the relief prayed for if she had discharged the defendant without cause is a question not raised by his exception and one as to which no opinion is intended to be expressed.

4. There is no rule of law, written or unwritten, except the rule

of reason, which delimits the situation which must exist to authorize the court to enjoin one from doing acts he has agreed not to do. The test, therefore, which should be applied to determine whether the court erred when it enjoined the defendant is to inquire whether, everything considered, enjoining him as the court did was the reasonable thing to do; that is, considering the relative situation of the parties, their rights, contractual and otherwise, and the duties each owed the other, the loss the defendant will sustain if he is enjoined as compared with the loss the plaintiff will sustain if the injunction is denied, together with all the other facts relevant to the reasonable thing to do in that situation. The only question, therefore, raised by the defendant's exception in so far as his contention, that the injunction is unduly oppressive or that it amounts to a penalty on him rather than protection for the plaintiff, is whether there is any evidence to sustain the court's finding that the reasonable thing to do was to enjoin the defendant. The issue raised by this inquiry is obviously an issue of fact, and as the evidence has not been transferred the defendant takes nothing by his exception in so far as this contention is concerned.

5. The court has found that the agreement was not ancillary to the sale of the good will of any business or profession and that the defendant had no opportunity to learn any trade secrets while he was in the plaintiff's service, but how these findings help the defendant is not apparent, for it is not the rule that the court will not enjoin the continuing breach of a valid contract unless it finds that the defendant has done all the different acts which have been held to authorize an injunction, but rather that it will enjoin the breach if it finds that the injured party has no adequate legal remedy and that, everything considered, enjoining the guilty party is the reasonable thing to do.

6. The test to determine whether a contract is to be performed within one year, within the meaning of P. S., c. 215, s. 2, is to inquire whether it may be fully performed within that time, not whether the parties expected that it would be. *Martin* v. *Batchelder*, 69 N. H. 360; *Gault* v. *Brown*, 48 N. H. 183; *Blanding* v. *Sargent*, 33 N. H. 239, 245.

7. There is no rule except the rule of reason which can be applied to determine when an action at law is or is not an adequate remedy. Each case depends on its own facts, and as the evidence has not been transferred, the defendant's exceptions raise no question for this court in so far as this contention is concerned.

8. The defendant's exception to the denial of his motion to set the decree aside as against the law and the evidence remains to be considered. If this motion was intended as a motion to set the decree aside because there is no evidence to sustain it, it came too late, for it was not made until after the decree was filed. *Carpenter* v. *Carpenter*, 78 N. H. 440, 444. If it was intended as a motion to set the decree aside because it was against the weight of the evidence, the absence of the evidence prevents its consideration if the court has jurisdiction to entertain it. *Benoit* v. *Perkins*, 79 N. H. 11, 13; *State* v. *Wren*, 77 N. H. 361, 367.

*Exceptions overruled.*

All concurred.