Coös,
Dec. 6, 1927.

PAULINE MASTERSON, *Adm'x, v.* BERLIN STREET RAILWAY & a.

JAMES A. FRASER *v.* BERLIN STREET RAILWAY.

*Murchie & Murchie* (*Mr. Alexander Murchie* orally), for the plaintiffs.

*Jesse F. Libby* and *Edmund Sullivan* by brief and orally, for the railway.

ALLEN, J. When one is injured by joint wrongdoers, a settlement with one of them is presumptively in full satisfaction for the injury. The amount paid presumably represents the injured party's claim or estimate of the extent of his damages. And a release given to one wrongdoer in satisfaction of an injury is to be construed as showing payment in full for the damage done. *Carpenter* v. *Company*, 78 N. H. 118. Authorities are not needed to support the statement that in such case the other parties are thereby released since the injured party may have no more than satisfaction for the injury. But if the settlement with one is not intended as full satisfaction, the others are released only to the extent of the amount paid. The parol evidence rule bars evidence of an intention contrary to that shown by a written release. *Carpenter* v. *Company, supra.* If the release is oral and its terms when found show that full compensation was intended, the resulting release of the other wrongdoers follows as in the case of a written release given in full satisfaction. But when a release either written or oral does not imply full satisfaction for the injury, the amount paid for it discharges the other wrongdoers only to the extent of such amount. While an injured party may have only one full compensation for his injury, there is no reason why he should not have that compensation. And there is no policy of the law to prevent him from obtaining part of the compensation from one of the wrongdoers and the balance from the others:

In overruling the railway's plea the court correctly construed the agreement between the administratrix and Fraser as showing a settlement with Fraser by which he was released on part payment of the estimated damage done by the injury. Covenants not to sue or not further to maintain an action already brought are usually so construed. *Snow* v. *Chandler*, 10 N. H. 92; cases cited in *Carpenter* v. *Company, supra.* And the limited effect of the covenant is emphasized when the releasor's rights against others are expressly reserved. *Carpenter* v. *Company, supra, p.* 120. Further, while the wrong here alleged is generally called and embraced as a joint wrong, it was one of concurrent negligence of parties acting separately on their own account and not in coöperation. One was not liable for the negligence of the other. While they were sued jointly, they might have been sued separately and separate judgments obtained, in which case a satisfaction of one judgment would satisfy the other only to its

amount. *Hyde* v. *Noble*, 13 N. H. 494. Obviously the claim against one might be much stronger and better supported than that against the other. The difference in proof of the negligence of each party when the injury results from the independent wrongs of a number of parties reënforces the argument for the usual construction of settlement agreements phrased as this one was.

The exception to the allowance of the amendment to the declaration must also be overruled. Since amendment might be made by striking out Fraser's name from the writ as a defendant (*Smith* v. *Brown*, 14 N. H. 67), permission to amend the declaration so that it would conform with the result of a remaining sole defendant was not necessarily an injustice, if it could be found otherwise. The railway's claim of right to present the unamended writ in evidence is not affected by the amendment, and the validity of that claim depends upon other considerations.

The exceptions to the ruling excluding evidence of the claim by the administratrix of Fraser's negligence are to be treated separately in respect to the two actions. Whether or not the actions are to be retried together, the competency of the evidence is to be considered in respect to each plaintiff.

In Fraser's action the claim of his negligence made in the writ in the other action is not admissible as evidence of his liability. It is hearsay, and its incorporation in the writ does not clothe it with admissibility. While the settlement of a claim may be shown if it implies an admission of liability, it may not if it is only a "purchase of peace." *Colburn* v. *Groton*, 66 N. H. 151, 160. The evidence here is ample to show that the settlement made was only to avoid further litigation, and a preliminary finding to such effect as a basis of the ruling made is to be assumed. *Spaulding* v. *Mayo*, 81 N. H. 85; *Hatch* v. *Hillsgrove, ante*, 91.

In the other action the competency of the evidence depends upon other considerations. It has been said that "in effect, and broadly, *anything said by the party opponent may be used against him as an admission*, provided it exhibits the quality of inconsistency with the facts now asserted by him in pleadings or in testimony." Wig., Ev., s. 1048. But the plaintiff's original claim that both Fraser and the railway were negligent does not amount to inconsistency with the amendment which alleges the railway's negligence but not Fraser's. The amendment does not charge that only the railway was negligent but charges its negligence regardless of Fraser's. There is therefore no inconsistency in the pleadings before and after their amendment. Nor

did the plaintiff's deposition, if she made in it a false denial of having claimed Fraser's negligence, serve to make the pleadings independently admissible. The deposition contained questions relating only to the merits of the claim against Fraser, and "The fact that the record tended to contradict the witness upon a collateral matter did not improve its competency." *Collins* v. *Benson*, 81 N. H. 10, 11.

But the further point is made that the falsity of the denial may be shown and that the pleadings thus become admissible in showing that the denial was false. ". . . falsehood . . . in the preparation and presentation of his cause . . . is receivable against him as an indication of his consciousness that his case is a weak or unfounded one, and from that consciousness may be inferred . . . the cause's lack of truth and merit." Wig., Ev., *s.* 278. Whether the testimony claimed to be false was so in fact or whether it amounted only to a statement of the deponent's understanding that there was no evidence to sustain the allegation of Fraser's negligence is a question which the court in discretion should have either passed upon as a preliminary basis for its introduction or rejection, or submitted to the jury with an appropriate instruction to use it only if falsehood were found. *Dunklee* v. *Prior*, 80 N. H. 270; *Hinds* v. *Hinsdale*, 80 N. H. 346. If there was no intention to falsify and no purpose to deceive or mislead, there was no implied acknowledgment of weakness in the claim of the railway's liability. But if there was such falsehood, the jury were entitled to know about it, not as direct proof relating to any essential issue, but as having such persuasive bearing on the plaintiff's general burden of proof as the jury might give it. *Login* v. *Waisman*, 82 N. H. 500, 502. While the falsehood if found related to a collateral matter and was in reference to Fraser's liability rather than the railway's, yet its commission as an incident in the action against the railway made it relevant. The line is not drawn between important and unimportant misconduct in connection with litigation, but all such misconduct is serious and differs only in its degree. Although the plaintiff's lack of faith in the claim against Fraser had no bearing on the railway's liability, and showed, if it showed anything in respect to that liability, that she had, rather than lacked, faith in it, yet her testimony in the deposition if false constituted misconduct in the litigation and thereby of itself made a measurable discount of the merits of the litigation as to her.

The record indicates that the issue whether falsehood was committed was not passed upon, and the exception to the exclusion of

the evidence as not bearing on the issues is therefore sustained in the action of the administratrix.

While the ruling of exclusion was correct in Fraser's action, and would have been in the other action if no misconduct had been found, to the extent in each action that the evidence proposed to be offered was irrelevant on the issue of the railway's liability, yet in both actions it was too comprehensive in its scope. It cannot be foretold how far and what collateral matters may become admissible in evidence, and the subject-matter of the evidence in question might conceivably be properly brought out in the course of the trial. If Fraser and the administratrix should testify, it is possible that their cross-examination might fairly include inquiry on the subject. In particular, how far a witness may be examined as bearing on the reliance to be placed on his testimony cannot be determined with definite limits in advance of trial. Any general rules which may be stated must include the subordinate one of the trial court's discretion, and such discretion in limiting or extending the range of cross-examination as broadly covering any matter tending to discredit the opponent's claim is one of wide latitude. To say that in the course of the trial no proper occasion could arise for going into the matter of the claim against Fraser, its settlement, and the denial of making it is an arbitrary ruling as a virtual limitation of the duty to pass on collateral evidence and as a virtual refusal to exercise the discretionary authority which the trial court has in connection with the admission or rejection of such evidence. The ruling was that the subject of the settlement should not be brought to the jury's attention and was made unqualifiedly. The ruling denied the railway a fair trial because it barred consideration of the admissibility of the evidence on collateral issues and barred the court's exercise of discretion in such consideration.

If occasion arises to exercise the discretion, it may be said that the facts that Fraser was insured and that the insurance company compromised the claim against him appear to be immaterial. The prejudice of insurance is not against the insured but against the insurer. It would not be reasonable to find that as a plaintiff Fraser might unjustly suffer at the hands of the jury because he was insured. Evidence is not made inadmissible by the introduction incidentally of the fact of insurance in connection with it when such fact cannot be hurtful although irrelevant on any of the issues.

Argument that the action of the administratrix against both Fraser and the railway, as followed by Fraser's action brought through the same attorneys, imports bad faith on the part of the plaintiffs, needs

little attention. Neither plaintiff has found fault with the situation and it is to be inferred that the attorneys have acted in good faith towards each client, that the administratrix consented to their acting for Fraser, and that Fraser knew they were acting for her when he engaged them. In any event there is no misconduct towards the railway in their representing both plaintiffs and it has no cause for complaint on that account.

Nor is the contention that the evidence is admissible because in a verdict for the administratrix the jury should deduct the payment made. The matter is wholly procedural and the trial court may properly and readily deduct the payment from such a verdict in its order of judgment. The amount of the verdict represents the extent of the damages but is not necessarily the amount for which judgment is to be rendered. Judgments may be qualified to meet the demands of justice. *Wood* v. *County*, 32 N. H. 421, 423; *Barney* v. *Leeds*, 51 N. H. 253, 281; *City Savings Bank* v. *Whittle*, 63 N. H. 587; *Kenalos* v. *Company*, 81 N. H. 426.

By reason of the result the order imposing terms is set aside.

*Exceptions* re *pleadings overruled: exceptions* re *evidence sustained.*

MARBLE, J., did not sit: the others concurred.