Hillsborough,
Jan. 3, 1933.

GEORGE H. MESSIER *v.* SAMUEL LEDOUX.

*James A. Broderick,* by brief, for the plaintiff.

*Ivory C. Eaton,* by brief, for the defendant.

ALLEN, J.   I. The plaintiff had no actual notice of the mortgage when he took his deed.   He claims he is not chargeable with notice by its record in the registry office because of error in the mortgage in describing the property.

The mortgage described the property as lot 13 on a plan recorded on *p.* 527, vol. 403, of the Hillsborough registry, and lying on the west side of Willie street in Nashua, with a defined street frontage and depth of the lot.   Except that no plan was recorded as stated, the description was correct.

The master found that the record of the mortgage gave the plaintiff legal notice of it.   The evidence warrants the finding.   A reasonable search of the title would disclose the mortgage and its description of the property was not necessarily misleading.   Anyone reading it was fairly warned that it described the property in question.   If the reference to a record of a plan of the property proved incorrect, the mistake did not tend to show that the property was not that the title to which was under search.   The error in the record being ascertained, it became obvious.   Having before him a description found to contain an inaccurate reference, the title searcher would be bound to recognize it and consider the description in the light of it.   Doing this, he would almost necessarily conclude that the mortgage was in the line of the title being searched.

The record of an instrument in the chain of title gives legal notice to everyone, provided the description of the property, although defective, is sufficient "to put those who see it on an inquiry which, duly prosecuted, would disclose the true facts."   23 R. C. L., *pp.* 220, 221.

II.   The mortgage was to secure $2,500, of which amount $500 was for future advances agreed to be made by the defendant to the mortgagor.   The plaintiff undertakes to distinguish between a mortgage securing an existing debt and one securing a debt to be created, so that the latter will not hold against attaching creditors of the mortgagor and purchasers for value from him, at least as to advances made after the attachment or conveyance.   The point was decided adversely to his contention in *Peaslee* v. *Evans*, 82 N. H. 313.

III.   After the plaintiff learned of the mortgage he paid the defendant $1,000.   The defendant applied part of the payment to the discharge of indebtedness not secured by the mortgage.   The plaintiff claimed that all of the payment should be applied on the mortgage debt.

The facts and evidence reported are not conclusive to establish the claim.   There was evidence that the plaintiff bought the property

while a house on it was being erected and that the defendant was responsible for bills for work and materials furnished after the plaintiff became the owner and under some arrangement with him. The master's allowance of part of the payment in reimbursement for the payment of these bills rests upon an implied finding that the parties understood that it might be thus applied, and as such a finding is a consistent and reasonable one, it is not to be disturbed. *Spaulding* v. *Mayo*, 81 N. H. 85, 86.

*Bill dismissed.*

All concurred.