Merrimack,
April 3, 1934.

ROSE K. COLBY *v.* HAROLD WALKER.

CLIFTON D. COLBY *v.* SAME.

*Willoughby A. Colby* (by brief and orally), for the plaintiffs.

*Devine & Tobin* (*Mr. Tobin* orally), for the defendant.

PEASLEE, C. J.   It is the established law here that the vital issue in these cases is whether the plaintiff has already received something as full satisfaction of his damages.   If he has, he cannot maintain

another suit for the same item. If he has not, he is merely obliged to give credit for what he has received. *Masterson* v. *Railway*, 83 N. H. 190.

Various forms used to discharge or protect one claimed to be liable because of concurrent fault have been considered. If the document recites that it is a settlement in full for the damages, and contains no suggestion of any reservations, it bars the subsequent claim against another defendant for the same injuries. *Carpenter* v. *Company*, 78 N. H. 118.

If there is a reservation of rights against third parties, or if the document takes the form of a covenant not to sue, the result is otherwise. *Masterson* v. *Railway*, *supra*.

The wrongs alleged to have been done by Wilson and Walker were concurrent, and resulted in indivisible damage. The plaintiffs gave to Wilson certain releases under seal. One issue here is the effect of these releases upon Walker's liability. It is the defendant's position that the releases contain nothing to qualify the usual effect of such a discharge, and that by virtue thereof his liability has ceased.

The issue thus presented involves the effect of a general release under seal, given to one whose negligence was a part of the cause for an indivisible injury. Is it an absolute release of others, or may its effect be defeated or established by parol evidence? The topic has been given some consideration in several late cases.

In the first of these (*Carpenter* v. *Company*, 78 N. H. 118), a question was raised as to whether the claim which the release purported to deal with was for concurrent negligence. That being settled affirmatively, the issue of the general effect of such a release upon the liability of the concurrent wrongdoer was considered. The conflict in the authorities elsewhere is noted, and the proposition that a technical release under seal is a discharge of all, even when it purports to reserve rights against those not parties to it, is stated but not adopted. The underlying principle that the plaintiff can have but one compensation is declared; and upon examination of the release there given it was concluded that it clearly showed that the sum paid in accordance with the terms thereof was given and received as full compensation for the entire damage. It was accordingly held that the release was a bar to a subsequent suit against one whose negligence concurred in causing the damage. The case seems to assume that the third party could stand upon the release as a contract, and that as between him and the plaintiff the release was as conclusive as a written contract between them.

The next case (*Wheat* v. *Carter,* 79 N. H. 150) overstates the decision in the *Carpenter* case. It was there said: "It is settled in this state that the release of one joint tort-feasor is a bar to a suit against the others; and that is also true as to the effect of a release when the releasor's loss is caused by the concurrent misconduct of the releasee and others. *Carpenter* v. *Company,* 78 N. H. 118." The *Carpenter* case expressly reserves opinion upon this question; but assuming the statement just quoted to be the established law, the *Wheat* case goes on to consider another aspect of the situation. The negligence there was not concurrent but successive, and the damages were separable. The release was of the first wrongdoer. It was held that the release was not in all respects conclusive in favor of the second, and that the plaintiff might show by parol that the release was in fact given upon payment for no more than the damage done by the first,—that no claim was made upon him for damage done by the second. It was stated in terms that this could be done "even though it may contradict the terms of the release." *Ib.,* 152.

But it is also held in that case that if this item of damage was included in the claim made against the first wrongdoer, the release given to him was an effective bar in favor of the second.

The net result of the case is a holding that in the second suit a plaintiff may show by parol that the items of damage which he there claims were not included in those released to another, even though he thereby contradicts the terms of the release. But, failing such proof, the release is conclusive that he has been fully compensated. He is not permitted to contradict this feature of the writing. He may show what items a general release covers, but he cannot show by parol how those items were dealt with.

In *Masterson* v. *Railway,* 83 N. H. 190, the damage done was not separable and the negligence was concurrent. The general rules deducible from the earlier cases were stated. The idea that only one compensation can be had is said to be the foundation for the efficiency of releases in favor of third parties. A simple release is to be construed as given in exchange for full compensation. The plaintiff may show that this is not so (if he can); but he cannot deny the meaning of a release as that meaning has been declared by the court. If however the release itself contains something indicative of a different purpose, the implication of full compensation is negatived, and the plaintiff may proceed against others.

This is in harmony with the often repeated doctrine that it is not the fact of release of one but of compensation made that bars the

later suit. It is not the mere act of releasing, but the implication therefrom of full recompense which is vital. Hence anything in the writing which negatives such recompense saves the plaintiffs' rights against third parties.

*Stacy* v. *Company*, 83 N. H. 281, involves another feature of the severance of claims. The release relied upon was given to an employer, and might have been for liability to pay compensation to an injured workman, regardless of fault, rather than for tort liability. Following the theory announced in the *Wheat* case, it was held that, since compensation is the basis of discharge, it must be made to appear that the damage settled for when the release was given was the same for which recovery was later sought. Upon this issue of the relation of the release to the claim in litigation, parol evidence was again held to be admissible.

It was also concluded, as in the earlier cases, that once the identity of the damage in the two cases was established, the parol evidence rule applied, and the construction of a release as evidencing full satisfaction barred the second suit.

None of these cases involve an instance of joint tortfeasor liability. None of them go beyond instances of liability for concurrent wrongs. Whether a release of one joint tortfeasor should work a discharge of the others, regardless of the issue of full compensation, is a question not involved in those decisions or in the present litigation. Upon this question no opinion is intended to be expressed.

It appears to be a rule established by several decisions that if there is nothing in the release from which a different intent may be inferred, the conclusion that it was given in exchange for full compensation for the damages to which it relates follows as matter of law.

The declaration that compensation is of controling importance is supplemented by the rule that in general release imports such compensation.

It follows from the foregoing conclusions that these releases bar the present suits, unless they contain something which indicates a denial of receipt of full compensation. Such denial may be shown either by a statement to that effect in the release, or a declaration therein of an intent to reserve rights against third parties. Such reservation is said to be "strong evidence that the damages received were not regarded as full compensation." *Carpenter* v. *Company*, 78 N. H. 118, 120. "The limited effect of the covenant is emphasized when the releasor's rights against others are expressly reserved." *Masterson* v. *Railway*, 83 N. H. 190, 192.

In the present cases there are no direct reservations of rights against third parties. But if the language used signifies such a purpose, although only indirectly, the result should be the same. The issue is, what purpose was expressed. The form of expression ought not to control its substance. It was declared in the releases that they were for claims "as a result of the alleged negligence of said Frederick H. Wilson." If they were only for claims for injuries resulting from his negligence they did not include claims for injuries resulting from the negligence of others. "One was not liable for the negligence of the other." *Masterson* v. *Railway, supra.* It is of course possible to argue that since the damages were indivisible the releases cover all of them. But the issue here is not what damages were the subject of treaty. It concerns rather whose liability therefor was being dealt with. A declaration that such claims against others were excluded would be sufficient to save the plaintiffs' rights against them. One that the parties are dealing with the negligence of the releasee carries a reasonable inference to the same effect. No other object for the insertion of this clause is apparent.

An exclusionary declaration in the release is all that is required; and a specific statement of what is dealt with fairly excludes all that does not come within the scope of the statement. The present actions are not barred by the plaintiffs' releases of Wilson.

It may be added that, if a different conclusion were reached as to the meaning of the releases, the plaintiffs, upon the evidence offered by them, would have a clear right to have the releases reformed, upon filing an appropriate application for such relief. The plaintiffs attached a certain meaning to the clause in question. They understood it signified that they were releasing Wilson "and only Mr. Wilson." They expressed this understanding to Wilson, in a writing accompanying the releases when delivered. So far as appears, Wilson did not dissent. Having taken the releases under these circumstances, he would be estopped to deny that such was the intended meaning of the parties, and reformation would follow, as a matter of course.

The judgments which were entered in the suits against Wilson stand somewhat differently. It is the law here that a judgment on the merits against one liable for a tort, followed by satisfaction, works a discharge of others similarly liable for the same injury. *Zebnik* v. *Rozmus*, 81 N. H. 45. Although the judgments here involved were entered by agreement, they were judgments concerning the merits of the case, and are of the same virtue as though rendered upon verdicts of juries. *Hoadley* v. *Company*, 241 Mich. 15; *Cain* v. *Com-*

*pany,* 131 Okla. 25. The different holding in *Wadhams* v. *Gay,* 73 Ill. 415, fails to accord the logical effect to the acts as recorded. Herman, Estoppel, 41, 42.

On the record as it stands, Walker would be discharged by the satisfied judgments against Wilson, and the ruling of the superior court was correct.

It does not follow however that the plaintiffs are without further remedy. Judgments may, in certain cases, be corrected to conform to the truth of the case.

Upon the evidence offered by the plaintiffs, it could be found that the sole purpose of entering these agreed judgments was to complete the assurance to Wilson that his liability was discharged, and to dispose of cases pending in court in an orderly manner. The letter accompanying the releases and agreements for judgments clearly negatives any intention to release Walker. The claims against him are not an afterthought, indulged after the plaintiffs understood they had settled in full. The purpose to look to any other party liable for the wrong has been held and expressed since a time previous to the settlement with Wilson. In carrying out that settlement certain forms were employed which in law operate as discharges of Walker. There was no intention that they should have such effect. They were not essential to the full protection of Wilson. They could be amended now so as to save the plaintiffs' claims against Walker without any detriment to Wilson. It is for the superior court to determine whether these judgments should be altered to conform to such intention of the parties as may be proved. *Lamarre* v. *Lamarre,* 84 N. H. 441, 444, 445, and cases cited.

The defendant claims that the court treated the question of compensation received as one of fact, and found against the plaintiffs upon that issue. Assuming that this would be proper procedure and a sustainable result, the answer to the defendant's position is that the record does not show that any such action was taken. The statement in the transferred case is that the court ruled upon the efficiency of the offered proof to affect the result.

In order to avoid any claim that the plaintiffs' rights have been disposed of by judgments ordered here, the order is

*Case discharged.*

All concurred.