Merrimack, July 2, 1947. } No. 3659.

STEPHEN LIOUZIS *v.* CARL D. CORLISS.

PAULINE LIOUZIS *v.* SAME.

*Tobey & Zellers* and *Robert W. Upton* (*Mr. Tobey* orally), for the plaintiffs.

*Sulloway, Piper, Jones, Hollis & Godfrey* (*Mr. Godfrey* orally), for the defendant.

BRANCH, C. J.   The first contention of the defendant that the settlements with Duhaime preclude the plaintiffs from prosecuting the actions against the defendant Corliss, cannot be adopted.   The effect of a covenant not to sue received elaborate consideration in the case of *Colby* v. *Walker*, 86 N. H. 568, 570, and the law was there stated as follows:

"Various forms used to discharge or protect one claimed to be

liable because of concurrent fault have been considered. If the document recites that it is a settlement in full for the damages, and contains no suggestion of any reservations, it bars the subsequent claim against another defendant for the same injuries. *Carpenter* v. *Company*, 78 N. H. 118.

"If there is a reservation of rights against third parties, or if the document takes the form of a covenant not to sue, the result is otherwise. *Masterson* v. *Railway*, *supra* [83 N. H. 190]."

Within the principles thus stated it must be held that the covenant not to sue in the present case does not bar "the subsequent claim against another defendant for the same injuries."

The plaintiff's case depends chiefly upon the testimony of the defendant Duhaime, who was the driver of the car in which she was riding. In regard to his testimony the defendant makes two contentions: 1, that it is so inconsistent and contradictory that it leaves no basis in the record for a finding of negligence, and 2, that upon any view of Duhaime's testimony the defendant Corliss cannot be found to have been negligent. Neither of these contentions can be adopted.

It is true that upon many points the testimony of Duhaime was conflicting and self-contradictory, but as pointed out in the plaintiff's brief, no part of Duhaime's testimony contradicted his repeated assertions that Corliss turned to the left toward the filling station considerably over the center of the road and then suddenly turned back to the right side of the road. However contradictory the testimony of Duhaime may have been upon other points, these contradictions do not compel the conclusion that his testimony upon the vital question of how the accident happened should be rejected.

The accident occurred on the evening of January 31, 1942, at a point about opposite Hillman's filling station in Pembroke. Both cars were proceeding southerly. All the witnesses agreed that it was raining and sleeting at the time. Corliss testified that he intended to turn left into the filling station and for this purpose started to slow down approximately 500 feet north of the station. He was conscious of the fact that another car was following. He testified that when he was about 50 feet north of the filling station he observed cars coming from the south and decided he would have to wait for them to go by before turning into the filling station; that he accordingly reduced his speed to 5 to 10 miles per hour. At this point he first noticed in the rear vision mirror that the Duhaime car was "bearing down" on him and a collision seemed imminent; that he thereupon put his foot upon the accelerator in an effort to absorb the shock.

It was the claim of the defendant Duhaime that at approximately the point above indicated, Corliss made a sharp turn to the left, going over the center of the road, and then turned suddenly back to the right side of the road where he made a sudden stop; that when the Corliss car turned to the left he (Duhaime) tried to go by on the right; that when Corliss made his turn to the right he (Duhaime) put on his brakes and skidded into the Corliss car.

If this testimony were believed, a finding was warranted that the defendant Corliss was negligent in turning left in the face of on-coming traffic when it should have been apparent that he could not cross ahead of it but might be compelled to turn back into the path of the following car. The road at this point was straight for a distance of two to three thousand feet, and at one point Corliss testified that he first saw the north-bound cars approaching when they were one thousand feet away. This evidence indicated that the lights of the north-bound cars were visible for a long distance south.

It could be found that the defendant's turn to the right resulted in the collision, and if this turn was required by the approach of north-bound traffic, it could be found that this necessity was created by the defendant's prior negligence in passing to the left of the center of the road when it should have been apparent that he might have to turn back. See 2 Blashfield, Automobile Law, s. 941.

In the light of the foregoing conclusions there must be a

*New trial.*

All concurred.