■ MARGARET P. DUFFY, as Administratrix of the Estate of THOMAS J. DUFFY, Deceased, Respondent, v. CITY OF NEW YORK, Appellant, and BRONX TOWING LINE, INC., Respondent-Appellant.— Judgment unanimously modified on the law and on the facts, pursuant to subdivision 2 of section 584 of the Civil Practice Act (see Bernadine v. City of New York, 268 App. Div. 444, affd. 294 N. Y. 361), to the extent of reducing the damages awarded for wrongful death to $85,000 and by allowing interest only on $29,000 from the date of death to date of judgment, and as so modified, the judgment is affirmed, without costs. In this action to recover damages for wrongful death and for conscious pain and suffering, the appeal by the defendant, the City of New York, is from a judgment entered upon a decision by the court below, sitting without a jury, in favor of the administratrix for $130,000 for wrongful death and $3,500 for conscious pain and suffering. In addition, $1,454.70 was allowed for funeral expenses. Since Bronx Towing Line, Inc., the other defendant, had settled with plaintiff for $56,000 before trial, the court subtracted that sum from the $130,000, leaving the City of New York liable for $74,000. The trial court then awarded interest on the full $130,000 from the date of death to the entry of the judgment. We find that the judgment entered is sustained by the record except for the extent of the damages awarded for wrongful death and the allowance of interest. In our opinion the damages awarded for wrongful death were excessive. Under the circumstances we find that $85,000 would be just and fair compensation. We do not disturb the decision as to conscious pain and suffering or as to funeral expenses. In awarding interest only the difference between what Bronx Towing Line, Inc., paid and what is allowed herein ($85,000) should form the basis for calculation. The court

below erred in figuring interest on the full amount. Settle order on notice. Concur — Botein, P. J., M. M. Frank, Valente, McNally and Stevens, JJ.