Cheshire,
No. 5766.

### Robert A. Cornellier

*v.*

### Hinsdale Raceway, Inc.

Argued June 5, 1968.
Decided November 26, 1968.

*Dwight W. Miller* (of Vermont) and *Faulkner, Plaut, Hanna & Zimmerman* (*Mr. Miller* orally), for the plaintiff.

*Bell & Kennedy* and *McLane, Carleton, Graf, Greene & Brown* (*Mr. Ernest L. Bell III* and *Mr. Stanley M. Brown* orally), for the defendant.

DUNCAN, J. The release pleaded by the defendant was under seal and was executed by the plaintiff under date of September 29, 1965. It was given in consideration of the payment of $9,750, and released and forever discharged "William R. Putnam and any and all other persons, firms and corporations" from all causes of action and claims arising out of the accident of October 30, 1964. It was executed in the presence of the plaintiff's attorney, and the stated consideration was paid by Putnam's insurer under a policy issued to him, which afforded a maximum coverage of $10,000.

Subject to the defendant's exceptions, the Court received testimony tending to show that the plaintiff's understanding and intention at the time he executed the release was that it should discharge only Putnam and his insurer and would not affect the claim against the defendant herein. In this type of proceeding this evidence was inadmissible under the parol evidence rule as applied in this jurisdiction.

The document in question contained nothing to indicate that

rights were reserved against any third party. *Cf. Liouzis* v. *Corliss,* 94 N. H. 377; *Aldrich* v. *Beauregard & Sons,* 105 N. H. 330, 336-338. It furnished no basis for an "inference" that the parties to it were dealing solely with reference to the negligence of Putnam. See *Colby* v. *Walker,* 86 N. H. 568, 573. On the contrary, the instrument expressly released Putnam "and any and all other persons, firms and corporations," and reserved no rights against anyone.

It is open to a releasor without violation of the parol evidence rule, to show that elements of damage caused by a third party tortfeasor were not included in the claim released. *Colby* v. *Walker, supra,* 571. In other respects, however, "the release is conclusive that he has been fully compensated. He is not permitted to contradict this feature of the writing." *Id.* See *Wheat* v. *Carter,* 79 N. H. 150, 152. "A release given to one wrongdoer in satisfaction of an injury is to be construed as showing payment in full for the damage done." *Masterson* v. *Railway,* 83 N. H. 190, 192. See also, *Carpenter* v. *Company,* 78 N. H. 118, 123.

While the defendant was a party to neither the settlement nor the release, it does not follow that it is therefore a stranger who can derive no benefit from it. *Libby* v. *Company,* 67 N. H. 587. It is evident that the wrongs by Putnam and the defendant were concurrent, even if they were not committed in concert; and that liability was joint and several. *Carpenter* v. *Company, supra,* 121.

In *Stacy* v. *Company,* 83 N. H. 281, it was held that when the case establishes "that the release discharged a claim of liability against the releasee for which the defendant would be jointly liable, the defendant would cease to be a stranger to the instrument, and would acquire the position of one 'claiming under.' It would then be entitled to insist that the release be taken at its face value, and a situation would be presented where the parol evidence rule which 'bars evidence of an intention contrary to that shown by a written release' would apply." *Stacy* v. *Company, supra,* 287, 288. See Annot. 13 A. L. R. (3d) 313, 324.

In the case before us, the defendant was entitled to have the parol evidence rule applied, and its exceptions to the admission of the evidence are therefore sustained. Absent the parol evidence, the release must be taken to have discharged the de-

fendant, since it reserved no rights against others and contained no indication that full compensation was not made. Therefore the order dismissing the action was properly entered.

*Defendant's exceptions sustained; plaintiff's exception overruled; remanded.*

GRIFFITH, J., did not sit; the others concurred.