Rockingham
No. 7267

LINTON HAMPTON v. JAMES L. DELANEY & a.

November 28, 1975

*Shaines, Madrigan & McEachern* and *Gregory D. Robbins (Mr. Robbins* orally) for the plaintiff.

*Charles F. Hartnett,* by brief and orally, for the defendant.

DUNCAN, J. In this case, which was previously before the court in *Hampton v. Davis,* 114 N.H. 655, 328 A.2d 460 (1974), the plaintiff sued the defendants Delaney and Davis by a single writ dated April 1, 1970. As indicated in the cited report, the trial was commenced by jury, but thereafter the jury was dismissed by agreement and the trial continued before the court. A verdict against both defendants in the sum of $48,351 was returned by the Court *(Morris,* J.) on March 7, 1973. As appears from the appendix to the prior transferred case, stipulations were filed with the court on April 2, 1973, reflecting a settlement with the defendant Davis upon payment to the plaintiff of $25,000, the plaintiff reserving his rights against the defendant Delaney. On April 26, 1973, the plaintiff moved for the entry of judgment pursuant to RSA 524:1-c which motion was granted as of March 15, 1973.

On October 31, 1974, the defendant Delaney's exceptions arising out of the trial were overruled by this court. *Hampton v. Davis,* 114 N.H. 655, 328 A.2d 460 (1974). Thereafter the clerk computed interest (RSA 524:1-b) and taxed costs, and the defendant Delaney's objections thereto were heard by the Superior Court *(Dunfey,* J.). The court ruled that the plaintiff was entitled to interest on the verdict from the date of the writ to the date of the verdict; and that since the $25,000 settlement took place after the verdict, that amount should be deducted from the judgment. The defendant's exceptions to these rulings were transferred to this

court on the defendant's bill of exceptions by *Dunfey*, J. The defendant also excepted to the failure of the court to deduct a settlement in the sum of $1,000 effected on the first day of trial, February 23, 1970, with Sidney Mackey, the defendant in a separate action.

With respect to the Mackey settlement, the defendant relies upon RSA 507:7-c (Supp. 1973) which provides in part: "Upon the return of a verdict by the jury, the court shall inquire of the attorneys for the parties the amount of the consideration paid for any settlement, release or covenant not to sue, and shall reduce the verdict by that amount." While this statutory requirement was not literally applicable to the verdict returned by the court in this case, common law called for the same procedure. *Masterson v. Berlin St. Ry.*, 83 N.H. 190, 139 A. 753 (1927); *Aldrich v. Beauregard & Sons, Inc.*, 105 N.H. 330, 338, 200 A.2d 14, 20 (1964); *Baer v. Rosenblatt*, 106 N.H. 26, 36, 203 A.2d 773, 781 (1964); *see Colby v. Walker*, 86 N.H. 568, 171 A. 774 (1934). Nothing in the record available to us suggests that in returning the verdict the Trial Court *(Morris,* J.) failed to deduct the $1,000 settlement from the damages before returning the verdict of $48,351. Accordingly, the defendant's exception with respect to the Mackey settlement is overruled.

We find no merit in his exception to the trial court's ruling with respect to interest. The settlement with Davis incorporated a reservation of rights against Delaney, and is presumed to have discharged Davis' liability for interest and costs as defendant Delaney's brief recognizes. *Masterson v. Berlin St. Ry.*, 83 N.H. 190, 139 A. 753 (1927); *cf. Cornellier v. Hinsdale Raceway, Inc.*, 109 N.H. 220, 248 A.2d 91 (1968). Thus the argument of the defendant Delaney that the ruling of the trial court would require him to pay interest from the date of the writ upon the settlement of $25,000 paid by defendant Davis cannot be accepted. To the extent that the Davis settlement included interest, Delaney's liability therefor was correspondingly reduced. Clearly the plaintiff is not entitled to interest upon the $25,000 settlement from and after April 2, 1973, and the decision of the trial court did not so require. *See Shepard v. General Motors Corp.*, 423 F.2d 406 (1st Cir. 1970). If the case of *Duffy v. New York*, 7 App. Div. 2d 988, 183 N.Y.S.2d 863 (1959), *motion denied*, 7 N.Y.2d 900, 165 N.E.2d 413, 197 N.Y.S.2d 460 (1960), relied upon by the defendant, is inconsistent with our conclusion, we do not follow it.

While the defendant also objected to the clerk's taxation of

costs *(See* Superior Court Rule 83, RSA 491 App. R. 83 (Supp. 1973)), in the absence of any transcript of the hearing before the trial court, or any express ruling by the court with respect thereto, we cannot determine whether the objections now made were presented at the hearing before *Dunfey,* J. The defendant's remedy, if any, lies in the superior court. *See* RSA 525:13, :14, :14-a; RSA 517:20.

*Defendant's exceptions overruled in part; remanded.*

All concurred.

ON MOTION FOR REHEARING: After the foregoing opinion was filed, the defendant moved for rehearing.

*Charles F. Hartnett* for the motion.

*Shaines, Madrigan & McEachern* and *Gregory D. Robbins* opposed.

DUNCAN, J. The motion alleges among other grounds that the presumption that the trial court deducted the amount of the Mackey settlement in the sum of $1,000 from the damages before returning the verdict was unwarranted. The motion is accompanied by a copy of a letter from plaintiff's counsel to the clerk with respect to the computation of the judgment which indicates that this presumption was contrary to the expectation of the plaintiff.

Since the record transferring the defendant's exceptions to this court contains no affirmative evidence as to whether the Mackey settlement was or was not so deducted before verdict, the issue is remanded to the superior court for determination. In all other respects the former result is affirmed.

*Remanded.*

All concurred.

December 31, 1975